**Lorenza SHORT and Mamie O. Short, Plaintiffs-Appellants,**

v.

**James G. MURPHY, Special Agent, Internal Revenue Service, et al., Defendants-Appellees.**

No. 73–2097.

United States Court of Appeals, Sixth Circuit.

March 5, 1975.

Henry J. Rosenbaum, Polasky, Meisel & Rosenbaum, Saginaw, Mich., for plaintiffs-appellants.

Ralph B. Guy, U. S. Atty., Detroit, Mich., James W. Russell, Asst. U. S. Atty., Detroit, William Friedlander, Scott Crampton, Asst. Atty. Gen., Meyer Rothwacks, Chief, Appellate Sec. Tax Div., Dept. of Justice, Washington, D. C., Michael L. Paup, Michael J. Roach, Tax. Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

PHILLIPS, Chief Judge.

The appellant taxpayers were under investigation for income tax evasion at the time they filed this action. The special IRS agent had invited counsel for the taxpayers to a formal conference and disclosed that the IRS had information indicating that taxpayers had attempted willfully to evade and defeat payment of their income taxes for the taxable years 1967 through 1970. The agent further had revealed at the conference that the IRS had reconstructed the taxpayers' income by means of the net worth and expenditures method and that the understatements of income disclosed by the reconstruction amounted to approximately $215,000 for the four year period.

The taxpayers thereupon filed this action against the Special Agent and two of his superiors seeking a writ of mandamus and other relief requiring the IRS to disclose the details of the items included in the proposed net worth computation. The District Court dismissed the action for lack of jurisdiction and the taxpayers appeal. We affirm.

The principal legal issue is whether by its procedural rules, 26 C.F.R. § 601.-107(b)(2), hereinafter quoted, the IRS has imposed upon itself the mandatory obligation to disclose the information requested.

The taxpayers contend that the information disclosed by the Special Agent does not permit them to make an adequate response and that they are also entitled to know:

(1) The dollar amount of the opening net worth statement for each year involved and the identity of the specific items comprising such total;

(2) The dollar amount of the closing net worth statement for each year involved and the identity of the specific items comprising such total;

(3) A reasonably specific breakdown identifying the nature and amount of claimed expenditures for each year.

Throughout the course of the negotiations the taxpayers did not attempt to rebut or explain the alleged understatement of income. They subsequently were indicted in April 1974.

## I.

At oral argument counsel for the Government suggested for the first time that this case should be dismissed as moot. An indictment was returned against the taxpayers on April 2, 1974, less than two weeks before the statute of limitations would have barred the charge involving the 1967 tax year. After indictment, the taxpayers filed motions before the District Court in the district where the indictment is pending, seeking to quash the indictment and moving for discovery and for a bill of particulars. The Government asserts that all of the relief requested in the present case is now the subject of pending motions before the District Court. Further, the investigation is now out of the hands of the IRS, having been referred to the Department of Justice for prosecution.

Although these considerations may raise a substantial issue as to mootness, each litigant has a continuing interest in this appeal because this court could grant at least part of the relief sought. The request for specific disclosures under § 601.107(b)(2) is a live, active and real controversy between the parties. Regardless of whether the requested information ultimately may be disclosed in the criminal proceedings, this court could order disclosure as a civil matter. For these reasons this is not a case, as in DeFunis v. Odegaard, 416 U.S. 312, 317, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974), where: "The controversy between the parties has thus clearly ceased to be 'definite and concrete' and no longer 'touch[es] the legal relations of parties having adverse legal interests.' Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)."

This case also presents a problem that doubtless will occur again and therefore "[b]ecause avoidance of repetitious litigation serves the public interest, that inevitability counsels against mootness determinations, as here, not compelled by the record." DeFunis v. Odegaard, *supra,* 416 U.S. at 350, 94 S.Ct. at 1722 (Brennan, J., dissenting). *See* Roe v. Wade, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); United States v. W. T. Grant Co., 345 U.S. 629, 632–33, 73 S.Ct. 894, 97 L.Ed. 1303 (1953).

## II.

26 C.F.R. § 601.107(b)(2), establishes the following procedure for pre-indictment conferences:

> Every person who may be the subject of a recommendation for prosecution shall be given an opportunity to explain his participation in the alleged criminal violation prior to the submission of the case to Regional Counsel, unless compelling reasons exist to the contrary. At this interview the principal will be informed, by a general oral statement, of the alleged fraudulent features of the case, to an extent consistent with protecting the Government's interests and, at the same time, making available to the taxpayer sufficient facts and figures to acquaint him with the nature, basis and other essential elements of the proposed criminal charge against him.[1]

1. This provision has been amended and now states:

A taxpayer who may be the subject of a criminal recommendation will be afforded a

■ One of the purposes of this rule is to give the taxpayer an opportunity to present rebutting facts and enable the IRS to sort out those cases which are not worthy of prosecution, thus avoiding unnecessary litigation for both the taxpayer and the Government. *See* Cleveland Trust Co. v. United States, 421 F.2d 475 (6th Cir.), cert. denied, 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46 (1970); Luhring v. Glotzbach, 304 F.2d 560, 564–65 (4th Cir. 1962); United States v. Goldstein, 342 F.Supp. 661, 665 (E.D.N.Y.1972).

■ Our examination of the language and purposes of Rule 601.107(b)(2) convinces us that in the present case the amount of information required by the Rule was disclosed to the taxpayers. The taxpayers were informed of the nature of the charge—potential criminal liability based on net worth reconstructions—and the facts and overall figures were stated in broad terms. The information provided by the Special Agent could provide a starting point for the taxpayers to rebut charges if erroneously made. For example the net worth difference might be explained by a cash hoard, or a nontaxable increase in net worth due to gifts, loans or inheritances. Such information is "peculiarly within the knowledge" of the taxpayer. Holland v. United States, 348 U.S. 121, 138, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

■ This Rule was never meant to be an instrument for pre-trial discovery such as provided by Fed.R.Crim.P. 16, or the Jencks Act, 18 U.S.C. § 3500. Those rights accrue after indictment.

In the language of 26 C.F.R. § 601.-107(b)(2), the Special Agent informed the taxpayers in the present case:

> [B]y a general oral statement of the alleged fraudulent features of the case

to the extent consistent with protecting the Government's interest, and, at the same time, making available to the taxpayer[s] sufficient facts and figures to acquaint [them] with the basis, nature, and other essential elements of the proposed criminal charges. . . . "

We agree with the District Court that the furnishing of the additional details sought by the taxpayers in this mandamus action was discretionary, not mandatory or ministerial.

■ The District Courts are vested with original jurisdiction under 28 U.S.C. § 1361 of "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This language has been construed uniformly to mean that mandamus will not lie unless the alleged duty imposes a mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not "owed."

As stated by Chief Justice Taft in Work v. United States ex rel. Rives, 267 U.S. 175, 177, 45 S.Ct. 252, 69 L.Ed. 561 (1925): "Mandamus issues to compel an officer to perform a purely ministerial duty. It can not be used to compel or control a duty in the discharge of which by law he is given discretion."

We, therefore, affirm the decision of the District Court in denying the application for a writ of mandamus.

### III.

■ We have considered the taxpayers' allegations of jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2), and find that claim to be without merit. Jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701–706, was as-

---

district intelligence conference when he requests one or where the Chief, Intelligence Division, makes a determination that such a conference will be in the best interests of the Government. At the conference, the IRS representative will inform the taxpayer by a general oral statement of the alleged fraudulent features of the case, to the extent consistent with protecting the Government's interests, and, at the same time,

making available to the taxpayer sufficient facts and figures to acquaint him with the basis, nature, and other essential elements of the proposed criminal charges against him.

The amendment deals with events which establish the right to a conference. There is no substantive change in the language which describes the amount of information to be disclosed.

serted in the District Court but has not been raised on appeal.

The judgment of the District Court is affirmed. The costs of this appeal are assessed against the appellants.