Alfred **DEL SANDRO** and David **Del Sandro**

v.

**UNITED STATES** of America, Stephen R. Takeuchi, Carmen Santa Maria and Donald Howser.

Civ. A. No. 79–181.

United States District Court, W. D. Pennsylvania.

Jan. 24, 1980.

James K. O'Malley, Pittsburgh, Pa., for plaintiff.

Robert J. Cindrich, U. S. Atty., Pittsburgh, Pa., John J. McCarthy, Jr., Dept. of Justice, Tax Division, Washington, D. C., for defendants.

## ·MEMORANDUM OPINION

KNOX, District Judge.

The plaintiffs have filed an application for a preliminary injunction against the United States and certain officials of the Internal Revenue Service, claiming that they were not accorded the right to a meaningful conference with Internal Revenue officials, pursuant to 26 CFR 601.107(b)(2).

Plaintiffs set forth that they received a letter from the Regional Counsel's office dated November 1, 1979, that they had received a report from the Criminal Investigation Division Internal Revenue Service recommending that plaintiffs be prosecuted for wilfully failing to pay wagering and occupational tax and for failing to register prior to engaging in such business and failing to file excise tax returns and conspiring with others to wilfully fail to file such returns.

The letter stated:

"We are offering you a conference in order that you may present either in person or by representation any arguments or evidence which you desire to present and which you think this office should consider prior to reaching a final decision in this matter. All appearances at this conference are voluntary and are at your election."

Time was fixed for the conference on November 14, 1979, and taxpayers, as was their privilege, were accompanied by their attorney. They alleged that at the conference, counsel requested the defendants to provide him with sufficient facts and figures to acquaint him with the basis of the charges. The only information which defendants provided is that the proof relied on was on a specific item basis and that the criminal figures are substantially lower than the civil figures. Plaintiffs allege that this is not sufficient to acquaint them with the basis, nature and other essential elements of the proposed charges against them. Therefore, this was not a meaningful conference of the kind provided for in the regulations.

Section 601.107(b)(2) of 26 CFR provides as follows:

"(2) A taxpayer who may be the subject of a criminal recommendation will be afforded a district Criminal Investigation

conference when he requests one or where the Chief, Criminal investigation Division, makes a determination that such a conference will be in the best interest of the Government. At the conference, the IRS representative will inform the taxpayer by a general oral statement of the alleged fraudulent features of the case, to the extent consistent with protecting the Government's interests, and, at the same time, making available to the taxpayer sufficient facts and figures to acquaint him with the basis, nature, and other essential elements of the proposed criminal charges against him."

It should be further noted that in 601.107(c) it is further provided as follows:

"(c) Processing of cases after investigation. The Chief, Criminal Investigation Division, shall ordinarily notify the subject of an investigation and his authorized representative, if any, when he forwards a case to the Regional Counsel with a recommendation for prosecution. The rule will not apply if the case is with a United States Attorney."

The plaintiffs asked for a preliminary injunction to require defendants to provide plaintiffs a proper conference during which the plaintiffs would be provided with the facts and features of the government's case which the government contends make them criminally liable and the nature and amounts of any transactions upon which criminal charges are based and to restrain defendants from transmitting plaintiffs' files to the Department of Justice until they have complied.

The government has moved to dismiss the action on the grounds the complaint fails to state a claim upon which relief can be granted or in the alternative that the court lacks jurisdiction. At the time fixed for hearing on the preliminary injunction, the court postponed that hearing pending resolution of the motion to dismiss. In view of the fact that the court concludes that this complaint should be dismissed for failure to state a claim upon which relief can be granted, the prayer for preliminary injunction is rendered moot and the action will be dismissed.

■ It will be noted that 601.107(b)(2) only applies where there has not as yet been a recommendation made for criminal prosecution. The letter of November 1 from the office of regional council shows on its face the recommendation has already been made by the Criminal Investigation Division Internal Revenue Service recommending that the taxpayers be prosecuted. 107(b)(2) applies only where the criminal recommendation has not yet passed from the Criminal Investigation Division in which case a taxpayer may be afforded a district conference as therein described if he requests one or where the Chief of the Criminal Investigation makes the determination that such conference will be in the best interest of the government. As is shown under 107(c), when the case has been forwarded to the office of Regional Counsel with a recommendation for prosecution, it is no longer in the hands of the Criminal Investigation Division which is authorized to conduct the conference described in 107(b)(2).

■ Such conferences would ordinarily be considered a matter of grace between the government and the taxpayer. Here there is no question of whether the taxpayers have waived their rights, since the taxpayers say in this case they did not know of the criminal investigation. The fact remains that there is no provision for such a conference as provided in 107(b)(2) when the matter has passed beyond this office to the office of Regional Counsel as this case has.

■ In any event, the court is not certain it could give the relief sought even if the matter were still pending in the Criminal Investigation Division, since the rule provides that the government is to supply information "to the extent consistent with protecting the government's interests". This leaves it up to the Criminal Investigation Division to determine what facts and matters should be revealed to the taxpayer at this time.

It appears to the court that this is an attempt by the taxpayer to obtain information which he could not get under FRCrP 16 or under the Jencks Act 18 U.S.C. 3500 even if a criminal prosecution is pending. This procedure cannot be used by taxpayers and their attorneys to gain such information in advance which they would not be able to gain after a prosecution was brought. It has always been the rule in this circuit that the government will not be required to divulge the details of its case, the evidence to be presented, or the witnesses to be called. See *U. S. v. Addonizzio*, 451 F.2d 49 (1972).

■ Beyond the divisional conference provided in 107(b)(2), any further conference by the office of the Regional Counsel is purely a matter of grace under 26 CFR 501 and 502. What the government would reveal in such case is entirely up to Regional Counsel.

It should also be noted that the plaintiffs have one more bite of the apple when they will be called in for conference before the Department of Justice before the matter is finally referred for presentation to a Grand Jury.

The court agrees with the decision in *Allison v. Riley*, 44 AFTR 2d 79-5604, where a similar situation arose. The court there clearly held that plaintiff's attempt to invoke a conference applied only until a Criminal Investigation Division had recommended prosecution to Regional Counsel. It was further pointed out that it was not convinced it could enjoin defendants to disclose the information that plaintiff seeks, pointing out the limitations contained in 601.107(b)(2) heretofore noted by this court.

In *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975) the taxpayers filed a mandamus against a special agent and two other IRS officers claiming they had not revealed the details required under 601.107(b)(2). The court said:

"This rule was never meant to be an instrument for pre-trial discovery such as provided by Fed.R.Crim.P. 16, or the Jencks Act, 18 U.S.C. § 3500. Those rights accrue after indictment. . ."

We agree with the district court that the furnishing of the additional details sought by the taxpayer in this mandamus action was discretionary, not mandatory or ministerial.

Plaintiffs rely heavily upon *Continental Electric Co. v. Kurtz*, 44 AFTR 2d 79-5269 in the Northern District of Alabama in which the court held that federal agencies must abide by and comply with their own regulations. The difficulty is that the matter before the court there involved a *district conference* conducted by the group manager of the investigation division of the Internal Revenue Service. In other words, in that case, there had been no recommendation for prosecution as here and the matter was still in the Criminal Investigation Division and had not moved on, as this case has to the Office of the Regional Counsel.

In the light of the above, we hold that the plaintiffs have not set forth a claim upon which relief can be granted and therefore we do not find it necessary to explore the difficult problem of jurisdiction. Since the action is dismissed, the request for preliminary injunction is moot and, in any event, it would fail for lack of showing of likelihood of success on the merits or irreparable harm.

An appropriate order will be entered.