David EINHORN et al.,
Plaintiffs-Appellants,

v.

Charles O. DeWITT, District Director
Internal Revenue Service, et al.,
Defendants-Appellees.

No. 79–2709.

United States Court of Appeals,
Fifth Circuit.

June 4, 1980.

Rehearing Denied July 3, 1980.

Philip T. Weinstein, Miami, Fla., for plaintiffs-appellants.

Jack V. Eskenazi, U. S. Atty., Stephen M. Pave, Asst. U. S. Atty., Miami, Fla., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. An-

drews, Chief, App. Sec., Robert E. Lindsay, Wynette J. Hewett, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants-appellees.

Before HATCHETT and TATE, Circuit Judges, and GROOMS,* District Judge.

HATCHETT, Circuit Judge:

Taxpayers sought injunctive and mandamus relief based upon taxpayers' interpretation of 26 C.F.R. § 601.107(b)(2) as imposing upon the Internal Revenue Service a mandatory obligation to disclose requested information in a criminal investigation. The district court dismissed for lack of jurisdiction. Because we interpret the disclosure aspects of the regulation to be discretionary and find no basis for jurisdiction, we affirm.

Taxpayers are David Einhorn, the major shareholder in the following taxpayer corporations, and Avcon International Corp. and Hemisphere Distributors, Inc. All were the subject of a criminal investigation by the Internal Revenue Service.[1] During the course of the investigation, they demanded that the Internal Revenue Service comply with 26 C.F.R. § 601.107(b)(2), which establishes the following procedure for pre-indictment conferences:

A taxpayer who may be the subject of a criminal recommendation will be afforded a district Criminal Investigation conference when he requests one or where the Chief, Criminal Investigation Division, makes a determination that such a conference will be in the best interests of the Government. At the conference, the IRS representative will inform the taxpayer by a general oral statement of the alleged fraudulent features of the case, to the extent consistent with protecting the Government's interests, and, at the same time, making available to the taxpayer

sufficient facts and figures to acquaint him with the basis, nature, and other essential elements of the proposed criminal charges against him.

At the conference, the Service's representatives only told the taxpayers' attorney the taxable years involved, the tentative civil taxes and penalties due, the charges to be recommended, and that the method of proof would be by "specific item." The Internal Revenue Service representatives refused to give requested additional information. The taxpayers sought injunctive and mandamus relief. The district court determined the regulation to be discretionary and, therefore, found that it lacked jurisdiction.

The critical issues are:

(a) Does 26 C.F.R. § 601.107(b)(2) allow discretion in disclosing requested information; and if so,

(b) Does its discretionary nature preclude district court jurisdiction.

We hold that the regulation is discretionary as to disclosures, and that federal courts have no jurisdiction to hear claims arising thereunder.

I

Taxpayers argue that federal question jurisdiction, 28 U.S.C. § 1331, exists, because the regulation is mandatory concerning disclosure; and that the refusal of the Internal Revenue Service representatives to disclose the requested information at the conference constitutes a denial of procedural due process.

This argument necessarily fails, because we agree with the Sixth Circuit's interpretation in *Short v. Murphy*, 512 F.2d 374 (1975) that 26 C.F.R. § 601.107(b)(2) is discretionary concerning the furnishing of information from tax investigations. The only mandatory aspect of the regulation is that taxpayers under criminal investigation have a right to a conference, if they so

---

* District Judge of the Northern District of Alabama, sitting by designation.

1. The Department of Justice made a final determination not to bring criminal tax charges against the taxpayers on April 16, 1980.

request. This right results from the first sentence of 26 C.F.R. § 601.107(b)(2) which provides: "[a] taxpayer who may be the subject of a criminal recommendation will be afforded a District Intelligence conference when he requests one or where the Chief, Intelligence Division, makes a determination that such a conference will be in the best interests of the Government." The conference, however, is primarily for the convenience of the Internal Revenue Service so that it may orderly process potential criminal cases and segregate those not warranting prosecution. An inevitable by-product of the conference that benefits taxpayers is that taxpayers can rebut false accusations. Cf. *Short v. Murphy* (although *Short v. Murphy* states that 26 C.F.R. § 601.107(b)(2) is for the benefit of both the Internal Revenue Service and taxpayers, its holding implies that the regulation is primarily for the Internal Revenue Service's benefit). It is clear that "[t]his Rule was never meant to be an instrument for pre-trial discovery such as provided by Fed.R.Crim.P. 16, or the Jencks Act, 18 U.S.C. § 3500. Those rights accrue after indictment." *Short v. Murphy*, at 377. Our interpretation of 26 C.F.R. § 601.107(b)(2) is that the Internal Revenue Service representative, if he so chooses, need not give taxpayers any details concerning the criminal investigation, if it is felt that to do so would not be "to the extent consistent with protecting the Government's interests." Further, the regulation, regarding disclosures, conveys no substantial rights to tax-

payers and imposes no substantial duties upon the Internal Revenue Service's representative. This interpretation is buttressed by the fact that the Internal Revenue Service amended in 1973 the first sentence of 26 C.F.R. § 601.107(b)(2), which deals with the right to a conference, but left untouched the substantive disclosure provisions.[2]

## II

Since a writ of mandamus cannot compel a discretionary action, taxpayers' contention that the Federal Mandamus Act, 28 U.S.C. § 1361, conveys jurisdiction is without merit. *Short v. Murphy*; *Roots v. Callahan*, 475 F.2d 751 (5th Cir. 1973). Additionally, 28 U.S.C. § 1361 says "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a *duty owed* to the plaintiff." Here, there is no duty owed to the taxpayers.

## III

Taxpayers also assert that jurisdiction arises under 28 U.S.C. § 1340, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." We, however, agree with the district court that this action arises from an Internal Revenue Service regulation and not an Act of Con-

---

2. Prior to the amendment, 26 C.F.R. § 601.-107(b)(2) read:

> Every person who may be the subject of a recommendation for prosecution shall be given an opportunity to explain his participation in the alleged criminal violation prior to the submission of the case to Regional Counsel, unless compelling reasons exist to the contrary. At this interview the principal will be informed, by a general oral statement, of the alleged fraudulent features of the case, to an extent consistent with protecting the Government's interests and, at the same time, making available to the taxpayer sufficient facts and figures to acquaint him with the nature, basis and other essential elements of the proposed criminal charge against him.

The amendment changed the first sentence to "[a] taxpayer who may be the subject of a criminal recommendation will be afforded a district Criminal Investigation conference when he requests one or where the Chief, Intelligence Division, makes a determination that such a conference will be in the best interest of the Government." Essentially, the amendment replaced "shall be given" with "will be afforded" and made such a conference mandatory, upon taxpayer request. The amendment, however, changed in no substantive way the disclosure aspects. Thus, both before and after the amendment, the disclosure of information was and is discretionary.

gress. 26 C.F.R. § 601.107(b)(2) is a part of the Internal Revenue Service's Statement of Procedural Rules promulgated under 5 U.S.C. §§ 301, 552. Their purpose is to govern the internal affairs of the Internal Revenue Service. They do not have the force and effect of law. *United States v. Thomas,* 593 F.2d 615 (5th Cir. 1979). *Luhring v. Glotzbach,* 304 F.2d 560 (4th Cir. 1962).

## IV

Lastly, taxpayers argue that the Administrative Procedure Act, 5 U.S.C. §§ 701–706, gives jurisdiction in conjunction with any of the other asserted bases of jurisdiction. Taxpayers admit that the Administrative Procedure Act does not provide an independent source for jurisdiction. Their argument fails, since we find no other jurisdictional basis. Moreover, the Administrative Procedure Act only applies to a final agency decision where there is no other adequate remedy. *Alabama Rural Fire Ins. Co. v. Naylor,* 530 F.2d 1221 (5th Cir. 1976). This action does not involve a final agency decision. Further, an adequate legal remedy exists in that, if taxpayers had been indicted, they could have made full use of criminal discovery procedures.

In conclusion, we interpret the disclosure aspects of 26 C.F.R. § 601.107(b)(2) as discretionary and find no basis for jurisdiction. Accordingly, we affirm.

AFFIRMED.