JOHN DOE CORP., Plaintiff,

v.

William MILLER, Secretary of the Treasury; Jerome Kurtz, Commissioner of Internal Revenue; Walter H. Margolies, Chief, C.I.D., Brooklyn District; George W. Nass, Special Agent; Jerrold S. Parker, Special Agent; and the Internal Revenue Service, Defendants.

No. 79 C 3179.

United States District Court, E. D. New York.

Oct. 10, 1980.

Kostelanetz & Ritholz, New York City, for plaintiff by John J. Tigue, Jr., James J. Mahon, New York City.

Edward R. Korman, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for defendants by Vicki G. Cheikes, U. S. Dept. of Justice, Washington, D. C., of counsel.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, in this action against the Secretary of the Treasury, the Commissioner of Internal Revenue, and other officials of the Internal Revenue Service ("IRS"), seeks injunctive and mandamus relief to compel disclosures of information allegedly required by the Statement of Procedural Rules of the IRS ("IRS Rules"). Plaintiff has been the subject of a criminal investigation concerning its income tax liabilities for the tax years 1974, 1975 and 1976. During the course of the investigation, plaintiff's counsel requested a "district intelligence conference" pursuant to § 601.107(b)(2) of the IRS Rules. 26 C.F.R. § 601.107(b)(2). That rule provides:

"A taxpayer who may be the subject of a criminal recommendation will be afforded a district intelligence conference when he requests one or where the Chief, Intelligence Division, makes a determination that such a conference will be in the best interests of the Government. At the conference, the IRS representative will inform the taxpayer by a general oral statement of the alleged fraudulent features of the case, to the extent consistent with protecting the Government's interests, and, at the same time, making available to the taxpayer sufficient facts and figures to acquaint him with the basis, nature, and other essential elements of the proposed criminal charges against him."

A district intelligence conference was held on December 7, 1979, and was conducted by Special Agents Parker and Nass, who are also named as defendants. At the conference, plaintiff's counsel were provided with the "tentative civil figures" relating to plaintiff's income tax liability for the three tax years in question. These figures incorporate all known items which may provide the basis for a subsequent civil action by the IRS alleging improper treatment of the items by the taxpayer. Plaintiff's counsel were also informed that the IRS Criminal Investigation Division ("CID"), Brooklyn District, was considering a recommendation that plaintiff be prosecuted criminally under the Internal Revenue Code for the period 1974 through 1976.[1] Agents Parker and Nass declined to answer the inquiries of plaintiff's counsel as to which criminal provisions of the Code would be the basis of the proposed prosecution, what methods of proof had been relied upon in the IRS investigation, and whether the proposed prosecution rested upon allegations of omitted income or improper deductions.

Alleging that defendants have violated § 601.107(b)(2), plaintiff seeks an order enjoining them from processing any proposed criminal prosecution recommendation until

---

1. It appears that under IRS procedures the recommendation of the district intelligence conferee must first be approved by the CID Chief, whose decision must then be reviewed by either or both the IRS District Counsel and Regional Counsel. Only then may the IRS make a recommendation to the Department of Justice to go before a grand jury and seek an indictment. See 5 Administration, C.C.H. Internal Revenue Manual, Chap. 9600.

plaintiff is afforded a district intelligence conference that conforms with its interpretation of the IRS Rules. Plaintiff also seeks an order directing defendants to provide it with information sufficient to satisfy § 601.107(b)(2). Jurisdiction is alleged to exist under 28 U.S.C. §§ 1331, 1361 and 5 U.S.C. § 702.[2] The action is before the court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, Rule 12(b)(1) and (6), F.R.Civ.P.

█ At the outset, it is clear that jurisdiction cannot be exercised over this case as one arising under the "laws" of the United States pursuant to 28 U.S.C. § 1331(a). The Statement of Procedural Rules, of which § 601.107(b)(2) is a part, is promulgated by the Commissioner of Internal Revenue for the regulation of the internal affairs of his office and does not have the force and effect of law. *Einhorn v. DeWitt*, 618 F.2d 347, 350 (5th Cir. 1980); *United States v. Thomas*, 593 F.2d 615, 622 (5th Cir. 1979); *Luhring v. Glotzbach*, 304 F.2d 560, 563–64 (4th Cir. 1962). See *Cleveland Trust Co. v. United States*, 421 F.2d 475, 481–82 (6th Cir.), *cert. denied*, 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46 (1970).

Thus, federal question jurisdiction exists only if plaintiff's claim "arises under the Constitution." 28 U.S.C. § 1331(a). Plaintiff contends that defendants' failure to provide its counsel with the requested information violated § 601.107(b)(2) and thereby denied plaintiff procedural due process guaranteed by the Fifth Amendment. Had it received this information, plaintiff asserts, its counsel would have been in a better position to bring to the attention of the

IRS facts that might persuade the CID Chief not to recommend a criminal prosecution to the IRS District Counsel.

While it is true, as discussed below, that an incident of the district intelligence conference is the opportunity afforded the taxpayer to avoid indictment, it must be said that, as a matter of constitutional law, the IRS was not required to adopt § 601.-107(b)(2). Compare *Bridges v. Wixon*, 326 U.S. 135, 152–54, 65 S.Ct. 1443, 1451–1453, 89 L.Ed. 2103 (1945). A grand jury may investigate and indict, and a valid judgment of conviction may ultimately be entered, for criminal tax violations regardless of whether the taxpayer has been afforded an opportunity to explain his conduct at an IRS pre–indictment conference. *United States v. Stofsky*, 527 F.2d 237, 249 (2d Cir. 1975), *cert. denied*, 429 U.S. 819, 97 S.Ct. 65, 50 L.Ed.2d 80 (1976); *United States v. Goldstein*, 342 F.Supp. 661, 666–68 (E.D.N.Y. 1972). See *United States v. Thomas, supra*, 593 F.2d at 622; *United States v. Daly*, 481 F.2d 28, 30–31 (8th Cir.), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973).[3]

█ Nonetheless, the IRS did adopt and publish § 601.107(b)(2). "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required." *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974). Plaintiff's allegations, therefore, are sufficient to support subject matter jurisdiction under 28 U.S.C. § 1331(a) for the purpose of determining whether the complaint states a claim for violation of due process. See *Bell*

---

**2.** Plaintiff also claims jurisdiction under 28 U.S.C. §§ 1391, 2201 and 2202, and the Fifth Amendment to the Constitution. These sections of the United States Code, relating to venue and declaratory judgments, respectively, do not confer jurisdiction, and, in appropriate cases, it is 28 U.S.C. § 1331(a), not the Fifth Amendment, that provides a basis for jurisdiction over constitutional claims. See *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 2272, 60 L.Ed.2d 846 (1979).

**3.** See also *In Re Grand Jury Proceedings*, 613 F.2d 501, 505 (5th Cir. 1980), quoting *United States v. Bland*, 472 F.2d 1329, 1337 (D.C.Cir. 1972), *cert. denied*, 412 U.S. 909, 93 S.Ct. 2294, 36 L.Ed.2d 975 (1973), and rejecting "the hitherto unaccepted argument that due process requires an adversary hearing before the prosecution can exercise his age–old function of deciding what charge to bring against whom. Grave consequences have always flowed from this, but never has a hearing been required."

*v. Hood*, 327 U.S. 678, 684–85, 66 S.Ct. 773, 777, 90 L.Ed.2d 939 (1946). However, since the court is of opinion that plaintiff has already been granted the benefit of the only right afforded by § 601.107(b)(2), the complaint fails to state a claim upon which relief can be granted.

The sole obligation imposed on the IRS by § 601.107(b)(2)–and the only corresponding right that could be said to be conferred on taxpayers–is the granting of a district intelligence conference at the request of the taxpayer. *Einhorn v. DeWitt, supra*, 618 F.2d at 349. The district intelligence conference "is primarily for the convenience of the Internal Revenue Service so that it may orderly process potential criminal cases and segregate those not warranting prosecution." *Id.* At least one of the purposes of the conference is to begin an informal "give and take" process, and while an incident of this may be the taxpayer's opportunity to rebut false or inaccurate charges, plaintiff has not suggested that the IRS conferee has any obligation to pass upon, or even respond to, any submissions made by the taxpayer. See *United States v. Goldstein, supra*, 342 F.Supp. at 667.

Section 601.107(b)(2) does no more than permit the IRS conferee to make disclosures regarding contemplated prosecutions but only "to the extent consistent with protecting the Government's interests." The Internal Revenue Manual, in its chapter governing "Investigative Procedures," cautions agents not to reveal at the district intelligence conference any information that might "be detrimental to subsequent prosecution of the case." 5 Administration, C.C.H. Internal Revenue Manual, ¶ 9356. It is undoubted that the regulation "was never meant to be an instrument for pre–trial discovery such as provided by Fed.R.Crim.P. 16, or the Jencks Act, 18 U.S.C. § 3500. Those rights accrue after indictment." *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975). Because we accept the interpretation that § 601.107(b)(2) grants no substantive rights to disclosure, we hold that the IRS conferee had complete discretion to determine what information might appropriately be released to plaintiff. This reading is reinforced by the 1973 amendment of § 601.107(b)(2), which made the holding of a district intelligence conference mandatory at the request of the taxpayer but made no substantive change in the language of the regulation describing disclosure. *Einhorn v. Murphy, supra*, 618 F.2d at 349; *Short v. Murphy, supra*, 512 F.2d at 376.[4]

Since the only mandatory aspect of § 601.107(b)(2) has been satisfied in plaintiff's case, it cannot be said that the IRS has failed to abide by the requirements of its own regulations and has thereby denied plaintiff procedural due process. Plaintiff's reliance on *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954), is therefore misplaced. *Accardi*, a habeas corpus case, involved an agency's failure to follow regulations governing proceedings that resulted in the final determination of substantive rights. Here, even if plaintiff were indicted as a result of a failure to abide by the alleged requirements of § 601.107(b)(2), there would remain the critical distinguishing fact that plaintiff, unlike the petitioner in *Accardi*, would have an absolute right to a trial on the merits with the accompanying panoply of discovery and due process safeguards afforded criminal defendants. *United*

---

4. Prior to the amendment, 26 C.F.R. § 601.-107(b)(2) read:

"Every person who may be the subject of a recommendation for prosecution shall be given an opportunity to explain his participation in the alleged criminal violation prior to the submission of the case to Regional Counsel, unless compelling reasons exist to the contrary. At this interview the principal will be informed, by a general oral statement, of the alleged fraudulent features of the case, to an extent consistent with protecting the Government's interests and, at the same time, making available to the taxpayer sufficient facts and figures to acquaint him with the nature, basis and other essential elements of the proposed criminal charge against him."

*States v. Goldstein, supra,* 342 F.Supp. at 666. See *Wellman v. Dickinson,* 79 F.R.D. 341, 353 (S.D.N.Y.1978).

Plaintiff also relies on a line of cases in which the exclusionary rule was invoked to bar the admission of evidence obtained in violation of *Miranda*–type regulations adopted by the IRS. See *e. g., United States v. Sourapas,* 515 F.2d 295 (9th Cir. 1975); *United States v. Leahey,* 434 F.2d 7 (1st Cir. 1970); *United States v. Heffner,* 420 F.2d 809 (4th Cir. 1969). The regulations invoked in those cases, although not constitutionally mandated, clearly were designed to protect the rights of prospective defendants; and suppression was found appropriate largely because the taxpayers had relied on the regulations and thereby altered their behavior–turned over incriminating records–to their detriment. See *United States v. Leahey, supra,* 434 F.2d at 10–11.

It should be noted that the reasoning and results of the foregoing cases have been questioned in this Circuit. See *United States v. Leonard,* 524 F.2d 1076, 1088–89 (2d Cir. 1975), *cert. denied,* 425 U.S. 958, 96 S.Ct. 1737, 48 L.Ed.2d 202 (1976). In addition, as already pointed out, this court is unable to characterize § 601.107(b)(2) as designed to safeguard the rights of prospective defendants who rely on its protections. The failure to make certain disclosures cannot be said under the circumstances to have caused plaintiff to compromise its position and thereby require the imposition of judicial sanction at this stage.[5] Having considered all of plaintiff's contentions, the court is of opinion that the complaint fails to state a claim of denial of due process.

■ Turning to plaintiff's assertion that defendants' actions are reviewable under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, our inquiry must determine whether there is final agency action for which there is no adequate judicial remedy other than review under the APA. 5 U.S.C. § 704. *CETA Workers' Organizing Committee v. The City of New York,* 617 F.2d 926, 935 (2d Cir. 1980). Manifestly, the district intelligence conference is no more than a preliminary investigatory phase within the multi–tiered IRS procedure that can ultimately result in a recommendation to the Department of Justice to seek a criminal indictment. The IRS conferees' decision regarding disclosure does not, by itself, have any "determinative consequences" for plaintiff, see *I.T.T. Corp. v. Local 134, Int. Brotherhood of Electrical Workers,* 419 U.S. 428, 443, 95 S.Ct. 600, 609–610, 42 L.Ed.2d 558 (1975); nor can plaintiff make a substantial assertion that its constitutional rights were violated by the determination. See *Assn. of National Advertisers v. F.T.C.,* 565 F.2d 237, 239 (2d Cir. 1977). In addition, since plaintiff, if indicted, will have available the full range of criminal discovery devices, there exist adequate judicial means to compel the disclosures plaintiff now seeks. Under these circumstances, we cannot view defendants' determination as "final agency action" for the purposes of 5 U.S.C. § 704, and plaintiff has thus failed to establish its entitlement to APA review.

■ Finally, since the court is of opinion that the decision regarding the information plaintiff seeks is entrusted to IRS discretion, and that § 601.107(b)(2) does not create a substantive right to disclosure, mandamus relief is unavailable to plaintiff. *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 946 (2d Cir. 1976); *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir. 1972), *cert. denied,* 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973).

---

5. Again, even if some violation of § 601.-107(b)(2) were present here, we are mindful that in the context of an IRS investigation, the Court of Appeals for this Circuit has said "injunctions to restrain criminal law enforcement are generally not granted" on the basis of alleged pre–indictment improprieties because "there is usually the time as well as the means to repair the damage." *United States v. Chemical Bank,* 593 F.2d 451, 455 (2d Cir. 1979). See also *United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979) (exclusion of evidence obtained in conceded violation of IRS regulation not required where no violation of taxpayer's constitutional rights).

Accordingly, the complaint is dismissed for failure to state a claim upon which relief can be granted.

SO ORDERED.