**Sheldon BARR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 87 C 3979.**

United States District Court, E.D. New York.

March 29, 1988.

Kostelanetz Ritholz Tigue & Fink, New York City (Jules Ritzhold, Esq., of counsel), for plaintiff.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. (Lawrence Noyer, Jr., Asst. U.S. Atty., of counsel), Noreene C. Stehlik, Trial Atty., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this action to recover amounts paid to the Internal Revenue Service (the Service) on account of civil penalties assessed against him. He moves for an order (1) enjoining the Service from making further collections and (2) requiring the Service to return to him amounts already collected and to release all liens and levies on account of the assessments.

The critical facts are not in dispute. On April 21, 1987 the Service notified plaintiff that civil penalties for the tax years 1982 and 1983 had been assessed against him under the Internal Revenue Code (the Code), 26 U.S.C. §§ 6700 and 6701, and demanded payment.

Section 6700, entitled "Promoting abusive tax shelters, etc.," provides, in substance, that a person who organizes an entity or a plan, or participates in the sale of an interest in such an entity or plan, and in connection with it makes a false statement as to the securing of a tax benefit or a gross valuation overstatement shall pay as a penalty the greater of $1000 or 20 percent of the gross income derived by him from the activity. Gross valuation overstatement is defined in the section.

Section 6701, entitled "Penalties for aiding and abetting understatement of tax liability," provides, in substance, for imposing penalties on a person who aids in or advises as to the preparation or presentation of any portion of a tax return or other tax-related document knowing that it will be used in a material tax matter and will result in an understatement of tax liability. If the tax liability is that of an individual the penalty is $1000; if it is that of a corporation, $10,000.

For the years 1982 and 1983 the Service made various assessments against plaintiff under §§ 6700 and 6701. For the year 1982 it assessed penalties of $1,000 for each of 719 separate acts of alleged sales of abusive tax shelters, $1,000 for allegedly organizing an abusive tax shelter, $1,000 for each of 709 separate acts of allegedly aiding and abetting the understatement of tax on individual tax returns, and $10,000 for each of ten acts of allegedly aiding and abetting the understatement of tax on corporate returns. For 1983 the penalties were $1,000 for each of 378 alleged sales of abusive tax shelters, $1,000 for each of 364 acts of allegedly aiding and abetting the understatement of tax on individual returns, and $10,000 for each of fourteen acts of allegedly aiding and abetting understatements of tax on corporate returns.

Plaintiff responded to the assessments of multiple penalties by treating each such assessment as a divisible transaction. For each assessment of multiple $1000 penalties he paid $1000. For each of the two assessments of multiple $10,000 penalties he paid fifteen percent of $10,000, purportedly pursuant to 26 U.S.C. § 6703(c)(1), which permits a person who has received notice of and demand for a penalty under § 6700 or 6701 to prevent collection of the full penalty pending final resolution of the matter in federal district court by, within thirty days, paying not less than fifteen percent of the amount of the penalty and filing a claim for refund of that payment. Of the total $2,411,000 assessed plaintiff paid only $8,000. The penalties assessed

against him and his payments are as follows:

| Code Section | assessments | year of activity | amount paid by plaintiff |
|---|---|---|---|
| 6700 | $ 719,000 | 1982 | $1,000 |
| 6700 | 1,000 | 1982 | 1,000 |
| 6701 | 709,000 | 1982 | 1,000 |
| 6701 | 100,000 | 1982 | 1,500 |
| 6700 | 378,000 | 1983 | 1,000 |
| 6701 | 364,000 | 1983 | 1,000 |
| 6701 | 140,000 | 1983 | 1,500 |
| Total: | $2,411,000 | | $8,000 |

Plaintiff asserts that a Service "Policy Statement" approved March 1, 1984, PS P–5–16, requires the Service to desist from making collections beyond the $8,000 paid. PS P–5–16 provides in pertinent part:

> When a refund suit is pending on a divisible assessment, the Service will exercise forbearance with respect to collection provided that the interests of the government are adequately protected and the revenue is not in jeopardy.

Plaintiff argues that this statement requires the Service to "exercise forbearance" from collecting the penalties assessed.

■ Where "the rights of individuals are affected" it is incumbent on agencies to follow their published procedures, even though these procedures may be more rigorous than the process that otherwise would be required. *Morton v. Ruiz,* 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974); *John Doe Corp. v. Miller,* 499 F.Supp. 378, 380 (E.D.N.Y. 1980). For purposes of argument this court assumes that plaintiff compromised his position in reliance on the Policy Statement, and that the Service was required to observe the terms of that statement and may be enjoined if it has failed to do so.

■ The Policy Statement makes the Service's forbearance from collection contingent on the proviso that "the interests of the government are adequately protected and the revenue is not in jeopardy." Plaintiff argues that before the Service could proceed with collection he was entitled to notice of a "jeopardy assessment," an administrative review of that assessment, and a judicial determination as to the reasonableness and the appropriateness of the assessment, all pursuant to 26 U.S.C.

§ 7429. That section, however, does not apply to the assessments made here, but rather to "immediate" assessments made under either § 6851 when a taxpayer intends to depart the United States, remove or conceal his property, or otherwise frustrate collection; § 6861(a) when collection of an income, estate, or gift tax will be jeopardized by delay; or § 6862 when collection of any other tax will be jeopardized by delay. The Service did not make "immediate" assessments of penalties to plaintiff under any of these sections, or even on the theory that he was about to prejudice collection.

The Service assessed penalties pursuant to §§ 6700 and 6701 after finding that plaintiff had promoted abusive tax shelters and had aided and abetted understatements of tax liability. Its assessments were not "jeopardy" assessments of taxes due but rather regular assessments of statutory penalties. Nothing in the Policy Statement or the Internal Revenue Code required the service to invoke the procedural panoply of § 7429 before deciding not to forbear from collecting the penalties.

■ The government seeks sanctions against plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff has made a sufficiently colorable claim to make sanctions unjustified.

Plaintiff's motion for an injunction is denied. Defendant's motion for sanctions is denied. So ordered.