MICHAEL LYON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lyon v. Commissioner
Docket No. 3584-92
United States Tax Court
T.C. Memo 1994-351; 1994 Tax Ct. Memo LEXIS 353; 68 T.C.M. (CCH) 224; July 26, 1994, Filed *353 Decision will be entered for respondent. For petitioner: David H. Singer. For respondent: Peter J. Graziano. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1985 in the amount of $ 28,079. Petitioner having conceded the disallowance of a foreign earned income exclusion under section 911, [1] the sole issue for consideration is whether a valid Consent To Extend the Time To Assess Tax (Form 872) was executed for the year at issue. All the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Crescent City, Florida, at the time the petition was filed. He filed his return for the 1985 taxable year on September *354 8, 1986. Petitioner's tax returns for 1985 through 1988 were prepared by a New Jersey public accountant, George Frizzell. Petitioner's address for purposes of correspondence with respondent during the years in question was the address of Mr. Frizzell's firm. The foreign earned income exclusion was an issue in the audit of petitioner's returns for 1985 through 1988. Mr. Frizzell advised petitioner to retain an attorney to represent him with respect to the claimed exclusions. Petitioner hired David Singer to represent him. Petitioner attests [2] that he "gave Singer authority to handle all his tax matters for 1985, 1986, 1987 and 1988." Mr. Frizzell attests that he sent everything involving the section 911 issue on to Mr. Singer because it was his understanding that "Singer was handling everything" and that petitioner "did not want to hear anything about it". Also, petitioner wanted the statute of limitations period extended for 1985 through 1988 pending a decision on appeal in Sislik v. Commissioner, T.C. Memo. 1989-495, affd. per curiam    F.2d     (D.C. Cir., May 22, 1992).
*355 A Consent to Extend the Time to Assess Tax (the first Form 872) was signed by petitioner on May 26, 1989, and by respondent on June 20, 1989, extending the time to assess tax for the year 1985 to December 31, 1990. The first Form 872 was forwarded to respondent by letter from Mr. Singer dated June 7, 1989. A Power of Attorney and Declaration of Representative (Form 2848) was prepared by Mr. Frizzell and signed by petitioner on January 18, 1989, appointing "Dave Singer" as attorney-in-fact. It authorized Mr. Singer to act on behalf of petitioner for the 1986, 1987, and 1988 taxable years. Mr. Singer submitted such power of attorney to respondent by letter dated January 30, 1989. Petitioner attests he did not notice that the written power of attorney did not have 1985 written on it. Mr. Frizzell attests that the failure to include 1985 on the Form 2848 was an an "error" and an "oversight" on his part. On June 15, 1990, respondent sent Forms 872 to petitioner, care of Mr. Frizzell, and to Mr. Singer, to extend the statute of limitations for 1985 to December 31, 1991. Mr. Frizzell forwarded petitioner's copy to Mr. Singer so that Mr. Singer was the recipient of both. On July *356 12, 1990, Mr. Singer signed one of these Forms 872 (the "second Form 872") for the purpose of extending the period of limitations for the 1985 year to December 31, 1991. Mr. Singer did not check the Form 872 or notice the year indicated therein. Respondent's agent saw a power of attorney for Mr. Singer in petitioner's file but did not notice that the document did not cover the year 1985. Respondent executed the second Form 872 on July 20, 1990, and mailed a completed copy to both petitioner, care of Mr. Frizzell, and to Mr. Singer. Mr. Frizzell forwarded the copy to petitioner. Petitioner attests "he did not understand it". If respondent had noticed that Mr. Singer did not have a power of attorney for 1985 then respondent would not have accepted the second Form 872. [3] Petitioner did not raise the issue of the statute of limitations until September 1991 after being alerted by Mr. Singer that there was no power of attorney on file with respondent. *357 Respondent mailed a statutory notice of deficiency to petitioner on December 19, 1991. Respondent has 3 years from the date a return is filed to assess an additional tax liability for that year. Sec. 6501(a). Parties may agree to extend this 3-year period under section 6501(c)(4). Petitioner and respondent executed the first Form 872 before the initial 3-year period expired, extending the limitations period to December 31, 1990. Prior to that date, Mr. Singer, as representative of petitioner, and respondent executed the second Form 872 to extend the limitations period to December 31, 1991. If the second Form 872 is invalid, the notice of deficiency was untimely and the assessment of deficiency for 1985 is barred by the statute of limitations. Petitioner bears the burden of specifically pleading and proving the bar of the statute of limitations. Rules 39, 142(a). Petitioner has shown the notice of deficiency was mailed after the 3-year expiration date, but respondent has shown two consent agreements, both valid on their face and executed prior to the respective expiration dates with the result that petitioner has the burden of proving the consents were invalid. Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240-241 (1990). *358 The first Form 872, extending the period to December 31, 1990, was signed by petitioner and has not been challenged. Petitioner asserts the second Form 872, signed by Mr. Singer, is invalid because Mr. Singer was not authorized by a power of attorney to sign a consent for 1985. Petitioner further argues that even if a power of attorney is not required, Mr. Singer did not have actual authority to sign the consent on behalf of petitioner. Petitioner's first argument rests upon section 601.502(c)(1)(iii), Statement of Procedural Rules (as in effect on July 12, 1990), which states in part: (c) Requirement of a power of attorney or a tax information authorization -- (1) Requirement of power of attorney. Except as otherwise provided * * * a power of attorney in proper form, or a copy thereof * * * executed by the taxpayer, will be required in a matter by the Revenue Service when the taxpayer's representative desires to perform one or more of the following acts on behalf of the taxpayer: * * * (iii) Execution of a consent to extend the statutory period for assessment or collection of a tax.
Petitioner wanted Mr. Singer to take care of all petitioner's tax matters for the years *359 in which the section 911 exclusion was at issue. The exclusion was at issue in 1985, but Mr. Frizzell made an "error" and "oversight" when he prepared a Form 2848, Power of Attorney, for petitioner's signature and did not include 1985. Thus, the power of attorney did not authorize Mr. Singer to act on behalf of petitioner for that year. Section 601.502 is a part of the Internal Revenue Service's Statement of Procedural Rules. They are for the internal governance of the Internal Revenue Service. Einhorn v. DeWitt, 618 F.2d 347, 350 (5th Cir. 1980); Luhring v. Glotzbach, 304 F.2d 560, 563-565 (4th Cir. 1962). They do not have the force and effect of law and are not binding on the agency issuing them. Einhorn v. DeWitt, supra at 350; Capitol Federal Savings & Loan v. Commissioner, 96 T.C. 204, 216-217 (1991) and cases cited thereat. In addition, at the time of the execution of the second Form 872, respondent had the discretion to "substitute a requirement other than a power of attorney or a tax information authorization for appropriate evidence of the *360 authority of the taxpayer's representative." Sec. 601.502(c)(4), Statement of Procedural Rules (1990); United States v. Mensik, 381 F. Supp. 672, 677 (N.D. Ill. 1974). Petitioner points out that the rules were amended on May 28, 1991, to eliminate respondent's discretion to substitute for the power of attorney. See sec. 601.502(b), Statement of Procedural Rules (1991). However, irrespective of the future impact of the new rules, the rule in effect on the date of execution of the second Form 872 is controlling herein. In short, the fact that the power of attorney did not cover 1985 does not per se invalidate the Form 872 signed by Mr. Singer on behalf of petitioner. United States v. Mensik, supra.[4]
The question then is whether Mr. Singer had authority to sign the second *361 Form 872 on behalf of petitioner. Petitioner argues that Mr. Singer did not have actual authority because his sole grant of authority lay in the power of attorney. Petitioner maintains that, although he expected Mr. Singer to take care of the section 911 issue for whatever years in which it arose, he wished Mr. Singer to act on his behalf only to the extent expressly stated in the Form 2848. Petitioner's position is simply not supported by the record. The general rule is set forth in 1 Restatement, Agency 2d, sec. 26 (1957), which provides that "authority to do an act can be created by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account." [5]The extent of an agent's authority is a factual question to be decided on the basis of all the facts and circumstances revealed by the record. Adams v. Commissioner, 85 T.C. 359, 369-372 (1985); Kraasch v. Commissioner, 70 T.C. 623, 627-629 (1978); 1 Restatement, Agency 2d, sec. 34. 1 Restatement, Agency 2d, sec. 30, provides "Unless otherwise provided *362 by statute, a written authorization is not necessary for the execution of a writing". Petitioner gave authority to Mr. Singer to handle all of petitioner's tax matters for 1985 through 1988. These were the years in which a section 911 exclusion was at issue. Petitioner had retained Mr. Singer specifically to take care of the section 911 issue because of its complicated nature. Only by oversight and error of petitioner's accountant was 1985 omitted from the power of attorney granted to Mr. Singer to aid in his carrying out petitioner's instructions. The Form 2848 merely formalized for the benefit of respondent the authority petitioner had given Mr. Singer to handle all tax matters for 1985 through 1988. Clearly, Mr. Singer's actions were within the scope of his employment. Kraasch v. Commissioner, supra at 627 ("His conduct was of the same general nature *363 as, or incident to, that which he was employed to perform."). Execution of the consent was a necessary act for the performance of Mr. Singer's assigned task. [6]
Furthermore, petitioner had all his correspondence with respondent sent to him at Mr. Frizzell's business address. Following petitioner's instructions, Mr. Frizzell then forwarded everything dealing with the section 911 issue to Mr. Singer. Routinely forwarding tax matters to one's lawyer with general instructions to take care of the matter is evidence of a grant of authority. Kraasch v. Commissioner,supra at 627. [7]
*364 In light of all the circumstances, it is abundantly clear that Mr. Singer had actual authority to execute the second Form 872 on behalf of petitioner. United States v. Mensik, supra; see 1 Restatement, Agency 2d, sec. 34. At the very least, petitioner has failed to carry his burden of proof that the second Form 872 is invalid. See Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 243 (1990). Even if we did not find an actual grant of authority, we believe petitioner ratified his attorney's actions by his silence. [8] Petitioner argues that he was not silent in his disavowal because, upon learning of the lack of a power of attorney, he disavowed the consent. However, the issue of silence arose at the time petitioner received a copy of the signed consent and at that time petitioner remained silent.
Petitioner saw a copy of the second Form 872 soon after it was executed. *365 Petitioner explains that he saw it but did not understand it. However, petitioner was familiar with the form, having previously signed at least one himself. At a minimum, petitioner was on notice that Mr. Singer had signed a form on petitioner's behalf. It was petitioner's duty to repudiate the consent as soon as he learned of it if he had not authorized it. Mishawaka Properties v. Commissioner, 100 T.C. 353, 366 (1993); 1 Restatement, Agency 2d, sec. 43. Petitioner had an opportunity to disavow the consent signed by Mr. Singer after he received the copy well within the time that respondent would have needed to act upon its invalidity. See Merex A.G. v. Fairchild Weston Systems, Inc., 810 F.Supp. 1356, 1370 (S.D.N.Y. 1993), affd.    F.3d    (2d Cir., July 14, 1994). In light of our reasoning in respect of Mr. Singer's authority to act on petitioner's behalf, we need not address respondent's argument that petitioner is equitably estopped to argue otherwise. We hold that the second Form 872 is valid with the result that the statute of limitations period was validly extended to December 31, 1991, and the *366 deficiency notice was therefore timely mailed to petitioner. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The stipulation of facts sets forth what the testimony of various witnesses would have been, if they had been called as witnesses.↩
3. A third Form 872 was sent to petitioner, care of Mr. Frizzell, with a copy sent to Mr. Singer in August 1991. The third Form 872, like the second, was signed by Mr. Singer and mailed to respondent. Respondent did not execute the third consent.↩
4. See also Ryan v. Commissioner, T.C. Memo. 1991-49↩ ("Procedures relating to powers of attorney are directory rather than mandatory in legal effect").
5. See also John Arnold Executrak Systems, Inc. v. Commissioner, T.C. Memo. 1990-6↩.
6. See Estate of Maceo v. Commissioner, T.C. Memo. 1964-46↩.
7. See Shopsin v. Commissioner, T.C. Memo. 1984-151, affd. without published opinion 751 F.2d 371↩ (2d Cir. 1984).
8. See Ryan v. Commissioner, T.C. Memo. 1991-49↩.