MADISON RECYCLING ASSOCIATES, JOSEPH K. BARRON,DAVID A. BELDON, ROBERT T. BOYD, DOUGLAS C. BRANDON, STEWART PIERCE BROWN, LLOYD E. BUSCH, JOHN J. CAFFREY, DAVID J. D'ANTONI, JOHN H. DELANEY, JR., DANIEL C. GREER, STANLEY I. HARRIS, GERALD O. HENDERSON, CHARLES D. HOERTZ, ESTATE OF JOSEPH KESSEL, THOMAS P. KOREHLE, JOSIAH O. LOW, III, ROBERT J. RIPSTON, ERNESTO L. RODRIGUERA, HOWARD S. SIEVER, LAVONNE F. SIEVER, JAMES W. SIMPSON, JR., R. BARRY UBER, LILLIAN D. WILLIAMS, PARTNERS OTHER THAN THE TAX MATTERS PARTNERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Madison Recycling Assoc. v. Commissioner
Docket No. 10601-88
United States Tax Court
T.C. Memo 1992-605; 1992 Tax Ct. Memo LEXIS 637; 64 T.C.M. (CCH) 1063; October 13, 1992, Filed *637 An appropriate order will be issued. For Petitioners: Gillard B. Johnson III. For Respondent: Mary Hamilton. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This case is before the Court on petitioners' motion for summary judgment. Petitioners argue that the period of limitations for assessment of tax attributable to any partnership item (or affected item) expired prior to the date of mailing the notice of final partnership administrative adjustment (FPAA) to the tax matters partner (TMP) *638 of Madison Recycling Associates (Madison Associates). Petitioners initially filed a motion to dismiss for lack of jurisdiction as to the taxable year 1982. At the hearing of this case, we denied the motion to dismiss for lack of jurisdiction because the period of limitations issue is not jurisdictional, but rather an affirmative defense. See Columbia Bldg. Ltd v. Commissioner, 98 T.C. 611 (1992); Saso v. Commissioner, 93 T.C. 730, 734-735 (1989). The sole issue to be determined by the Court in response to petitioners' motion for summary judgment is whether the statutory period within which respondent was required to issue an FPAA to the TMP of Madison Associates for the partnership's 1982 taxable year expired on April 16, 1986, as petitioners contend, or whether the period within which respondent was required to issue the FPAA for the 1982 taxable year was extended to December 31, 1987, as respondent contends. FINDINGS OF FACT The principal place of business of Madison Associates was in New York, New York, when the petition in the instant case was filed on May 17, 1988. Madison Associates is a partnership and this *639 case is part of the Plastics Recycling group of cases. See Provizer v. Commissioner, T.C. Memo. 1992-177, on appeal (6th Cir., June 26, 1992), a decision on the merits with respect to a Plastics Recycling case for a pre-TEFRA year. For the taxable year 1982, Madison Associates was a partnership subject to the provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 648-667, and therefore the treatment of partnership items is to be determined at the partnership level. Madison Associates filed 1982 Form 1065, U.S. Partnership Return of Income, with the Brookhaven Service Center at Holtsville, New York, on March 14, 1983. This return was signed by Richard Roberts (Roberts) and prepared by H.W. Freedman & Co. The Agreement of Limited Partnership of Madison Associates (Agreement) was made and entered into as of September 20, 1982. This Agreement named Roberts as the general partner and TMP, and Denise Sausa (Sausa) as the original limited partner of Madison Associates. Roberts was the TMP and sole general partner of Madison Associates for 1982 and at all other times relevant hereto. Pursuant *640 to the agreement, as general partner Roberts had exclusive management power over the partnership and the limited partners of Madison Associates had no right to act for or bind the partnership. Petitioner Joseph K. Barron (Barron) was a limited partner of Madison Associates in 1982. On his 1982 Federal income tax return, Barron claimed losses and tax credits from Madison Associates. Harris W. Freedman (Freedman) and Shaye Jacobson (Jacobson) were certified public accountants licensed to practice in New York at all times relevant herein. Jacobson was a partner in H.W. Freedman & Co. On April 2, 1984, Roberts executed a Form 2848, Power of Attorney and Declaration of Representative, in which "Richard Roberts, General Partner, Madison Recycling Associates" appointed Freedman and Jacobson as attorneys-in-fact for Roberts, the TMP as well as general partner of Madison Associates. Freedman and Jacobson executed this form on April 2, 1984. Handwritten changes to the street address and ZIP Code of H.W. Freedman & Co., and of the attorneys-in-fact were made on the form and initialed by "S.J.". The tax matters of Madison Associates for which the attorneys-in-fact were appointed were *641 typewritten on the Form 2848 as follows: Type of tax (Individual, corporate, etc.): "Partnership" Federal tax form number (1040, 1120, etc.): "1065 and all related I.R.C. matters" Year(s) or period(s)
(Date of death if estate tax): "1982-1984" The year 1982 was typewritten, however, the notation "-1984" was handwritten on the form and was not initialed. Respondent has conceded that the handwritten and uninitialed notation "-1984" is ineffective to appoint Freedman or Jacobson for years subsequent to 1982. According to this Form 2848: The attorney(s)-in-fact (or either of them) are authorized, subject to revocation, to receive confidential information and to perform any and all acts that the principal(s) can perform with respect to the above specified tax matters (excluding the power to receive refund checks, and the power to sign the return (see regulations section 1.6012-1(a)(5), Returns made by agents), unless specifically granted below). On November 5, 1985, Jacobson, as attorney-in-fact for TMP and general partner Roberts, executed Form 872-P, Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, for Madison Associates' *642 1982 tax year. This form was countersigned on behalf of the Commissioner of Internal Revenue on November 18, 1985. This form states in part that Jacobson, as authorized representative for TMP and general partner Roberts, and respondent's representative agree that the period of limitations for the 1982 tax year of Madison Associates is extended to June 30, 1987. On August 6, 1986, Jacobson executed a second Form 872-P for Roberts extending the period of limitations for the 1982 and 1983 tax years to December 31, 1987. This form was countersigned on behalf of the Commissioner on August 19, 1986. Harold Kerzner (Kerzner) is employed as a revenue agent for the Manhattan District of the Internal Revenue Service in New York. At all times relevant hereto, Kerzner was assigned to the examination of the 1982 taxable year of Madison Associates. The Form 2848 and the Forms 872-P were hand-delivered to Kerzner by Jacobson. Kerzner then forwarded the Form 2848 to the Brookhaven Service Center in Holtsville, New York. The 1982 tax year of Madison Associates ended on December 31, 1982. The FPAA with respect to the 1982 taxable year was mailed to the TMP of Madison Associates on December *643 24, 1987. No FPAA for Madison Associates' 1982 tax year was issued to the TMP of Madison Associates on or before April 16, 1986. OPINION The period for assessing any income tax attributable to partnership items (or affected items) for a partnership taxable year will not expire until the later of a date which is 3 years after the partnership files its information return for the taxable year in question or the last day for filing such return for such year (without extensions). Sec. 6229(a). However, that period may be extended by agreement at any time during the initial 3-year period following the partnership's filing of its return. Sec. 6229(b)(1). Pursuant to section 6229(b)(1)(B), the period may be extended with respect to all partners by an agreement entered into by the Secretary and either the TMP or "any other person authorized by the partnership in writing to enter into such an agreement". Sec. 6229(b)(1)(B). We must determine whether the Form 872-P consents executed by Jacobson in his representative capacity were effective to extend the period of limitations with respect to all partners for the partnership's tax year. If the consents were effective, the period for *644 assessment of taxes, interest, and additions to tax was extended and respondent's issuance of the FPAA for the year 1982 was timely. If the consents were not effective, the period for assessment of any tax attributable to a partnership item, additions to tax, and interest for the year 1982 expired before the FPAA was issued for that year. The partnership tax return of Madison Associates for 1982 was filed on March 14, 1983, and the usual period of limitations would have expired on April 15, 1986. Jacobson, as attorney-in-fact for Roberts, executed Forms 872-P for 1982 before the running of the 3-year period under section 6229(a), and the terms of the second Form 872-P provided for extending the 1982 period of limitations with respect to all partners until December 31, 1987. Respondent's position is that Jacobson as the attorney-in-fact for the TMP had the requisite authority to extend the period of limitations with respect to all partners of Madison Associates for the 1982 tax year. Alternatively, respondent contends that Jacobson had such authority pursuant to the power of attorney signed by Roberts as general partner of Madison Associates. Petitioners argue that the consent *645 forms do not extend the period of limitations for the individual limited partners because the Form 2848 does not constitute an authorization for Jacobson to extend the period of limitations for the limited partners, since the general partner did not file the statement required by section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (March 5, 1987). In addition, petitioners contend that the Form 2848 was ineffective because of material alterations to the form. We sustain respondent's determination. Roberts as TMP had the authority to execute a consent, and he delegated this authority to his attorney-in-fact Jacobson. Moreover, Roberts as the general partner delegated his authority to Jacobson to enter into an agreement to extend the period of limitations. The expiration of the period of limitations on assessment is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proving its applicability. Rules 39, 142(a). To establish this defense, the taxpayer must make a prima facie case establishing the filing of the partnership return, the expiration of the statutory period, and mailing *646 of the notice after the running of the period. Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240-241 (1990). Where this showing is made, the burden of going forward with the evidence shifts to respondent, who must introduce evidence to show that the bar of the statute is not applicable. Id. at 241. Where respondent makes this showing, the burden of going forward then shifts back to the party pleading the affirmative defense to show that the alleged exception to the expiration of the period is ineffective or otherwise inapplicable. Id. However, the burden of proof never shifts from the party who pleads the bar of the statute of limitations. Id.
In the present case, the general partner Roberts was also the TMP. Roberts had broad and exclusive powers over the business of the partnership as specified in the Agreement. No powers were reserved to the limited partners. The Agreement specified that the authority of the general partner to bind the partnership should not be subject to question. Pursuant to the Form 2848, the TMP delegated to Jacobson broad authority to act for the partnership with respect *647 to tax matters for the 1982 tax year of Madison Associates. Since a TMP is authorized to enter into an agreement to extend the period of limitations under section 6229(b)(1)(B), our necessary conclusion is that Roberts had the authority to delegate this power to his attorney-in-fact to execute consents to extend the period of limitations with respect to all partners of Madison Associates. Petitioners must carry the burden of proving that the agreement entered into by Jacobson was ineffective in that the TMP never intended to authorize Jacobson to execute consents with respect to all partners of Madison Associates. See Amesbury Apartments, Ltd. v. Commissioner, supra at 243. Petitioners have not carried this burden. Petitioners have not shown that Jacobson's authority to perform acts pursuant to the power of attorney was restricted in any manner by Roberts at the time he executed the Form 2848 on behalf of the partnership. Jacobson had authority to represent the TMP and therefore Madison Associates before the Internal Revenue Service as to all aspects of the partnership's 1982 tax return dispute with respondent, including the execution of the *648 consent forms. [2]
Moreover, even if the TMP, as such, had not delegated his authority as the TMP to enter into an agreement to extend the period of limitations, Roberts as the general partner could and did delegate this authority to his attorney-in-fact Jacobson. Procedures for a partnership to authorize a person other than the TMP to enter into an agreement extending the period of limitations are set *649 forth in the temporary regulations. Sec. 301.6229(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (March 5, 1987). The temporary regulation provides as follows: Extension by agreement (Temporary). --Any partnership may authorize any person to extend the period described in section 6229(a) with respect to all partners by filing a statement to that effect with the service center with which the partnership return is filed. The statement shall-- (a) Provide that it is an authorization for a person other than the tax matters partner to extend the assessment period with respect to all partners, (b) Identify the partnership and the person being authorized by name, address, and taxpayer identification number, (c) Specify the partnership taxable year or years for which the authorization is effective, and (d) Be signed by all persons who were general partners at any time during the year or years for which the authorization is effective. Although the specific procedures of section 301.6229(b)-1T, Temporary Proced. & Admin. Regs., supra, have not been met in this case, noncompliance with this regulation "cannot invalidate authority to extend *650 the period of assessment granted by a partnership prior to promulgation of the regulation." Cambridge Research and Development Group v. Commissioner, 97 T.C. 287, 295 (1991); Amesbury Apartments, Ltd. v. Commissioner, supra at 242. The consents at issue here were executed at their latest on November 18, 1985, and August 19, 1986, which dates precede the promulgation of the temporary regulation. Accordingly, if Jacobson had the requisite authority to execute the consent, noncompliance with the temporary regulation. Accordingly, if Jacobson had the requisite authority to execute the consent, noncompliance with the temporary regulation would not invalidate that authority (nor the consent). Furthermore, we stated in the Amesbury case that the language of the regulation was permissive and not mandatory. See Amesbury Apartments, Ltd. v. Commissioner, supra at 242-243. "There is no mandatory requirement that a partnership give authority to a person to execute a consent utilizing specific procedures, such as those outlined in the temporary regulation." Id.
Madison Associates' *651 general partner and TMP Roberts executed a power of attorney which gave Jacobson authority to "perform any and all acts that the principals can perform with respect to the above specified tax matters." In the Amesbury case, the general partner delegated to his attorney-in-fact (the accountant) on a Form 2848 the authority to represent the partnership before the IRS as to the partnership's tax matters for the partnership's 1983 tax year. We held there that a general partner having the authority to do so may extend to an agent of the partnership (viz, its attorney-in-fact) authority to extend the section 6229(a) period with respect to all partners. Amesbury Apartments, Ltd. v. Commissioner, supra at 242-243. In Cambridge Research and Development Group v. Commissioner, supra at 297, we stated that "An implicit conclusion to be drawn from Amesbury Apartments, Ltd. is that the general partner there, although not the tax matters partner, had authority to delegate the power to execute consents to extend the period of limitations on behalf of all partners." (Fn. ref. omitted.) Petitioners further argue that *652 the alterations to Form 2848 were material and should invalidate the power of attorney. Petitioners rely on Piarulle v. Commissioner, 80 T.C. 1035 (1983), in which an altered consent form was held to be ineffective. Petitioners' reliance on this case is misplaced. The Piarulle case involved a document that required mutual assent and was an agreement between adverse parties. The Form 2848 is not an agreement between adverse parties, but rather a document in which a taxpayer sets forth the scope of authority which he has granted to his attorney-in-fact, and in which such attorney-in-fact declares that he is qualified to practice before the Internal Revenue Service. In addition, the consent in the Piarulle case was altered by an agent of respondent after the taxpayer had already executed it and without the taxpayer's approval. In this case there is no evidence in the record nor do petitioners contend that an agent of respondent made the notation "-1984." In addition, the change of the street address and ZIP Code appear to be initialed by Jacobson. Accordingly, we conclude that the power of attorney was not invalidated by the handwritten notations. *653 For the reasons stated above, we hold that the consent executed by Jacobson was effective to extend the period of limitations. Because respondent has presented a consent extending the period of limitations for assessing tax beyond the date of the FPAA and petitioners have not proved such consent ineffective, the FPAA was timely issued. Petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. We note that the Internal Revenue Manual states as follows: "A TMP may appoint an attorney-in-fact to represent the partnership * * * before the Service and to perform all acts for the partnership * * * except for the execution of legally significant documents", including a period of limitations extension agreement. See 1 Audit, Internal Revenue Manual (CCH), sec. 4226.33(2), at 7233-17K. While the IRS has the authority not to accept a consent executed by an attorney-in-fact appointed by a TMP, in this case such a consent was accepted by the IRS and the consent is effective to extend the period of limitations.↩