AMESBURY APARTMENTS, LTD., BALLARD EQUITY INVESTMENTS, INC., TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

AMESBURY APARTMENTS, LTD., BALLARD EQUITY INVESTMENTS, INC., A PARTNER OTHER THAN THE TAX MATTERS PARTNER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 16044-88, 22252-88.     Filed September 10, 1990.

---

*Jo Karen Parr* and *Richardson B. McKenzie III,* for the petitioners.

*Henry S. Schneiderman,* for the respondent.

## OPINION

RUWE, *Judge:* This case was heard by Special Trial Judge Lee M. Galloway pursuant to the provisions of section

7443A of the Code.[1] This Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

GALLOWAY, *Special Trial Judge:* These consolidated cases are before the Court on the following motions filed by the parties:

1. Respondent's motion to correct caption in docket No. 16044-88;

2. Respondent's motion to dismiss duplicate petition in docket No. 22252-88;

3. Petitioner's motion to dismiss for lack of jurisdiction in docket No. 16044-88 as to the taxable year 1983;

4. Petitioner's motion to dismiss for lack of jurisdiction in docket No. 22252-88 as to the taxable year 1983; and

5. Petitioner's motion to hold respondent in default in docket No. 22252-88.

Amesbury Apartments, Ltd. (Amesbury or the partnership), is a limited partnership that was formed in 1983 and has its principal place of business in Montgomery, Alabama. The total number of partners was 31. For the 1983 and 1984 taxable years, Amesbury had two general partners, Mr. Bowen Ballard and Ballard Equity Investments, Inc. (sometimes hereinafter referred to as Ballard Equity). Both of the general partners had a 1-percent interest in profits, losses, and capital. For the years at issue, Bowen Ballard was the president of Ballard Equity.

Respondent determined adjustments to the partnership returns of Amesbury for its 1983 and 1984 years as set forth in his Notice of Final Partnership Administrative Adjustment (FPAA) dated March 30, 1988. The FPAA was mailed to Amesbury on March 30, 1988, at the partnership address, Attn: Mr. Bowen Ballard, Tax Matters Partner. The FPAA addressed to Mr. Ballard reads, in part, as follows:

This letter is the notice of Final Partnership Administrative Adjustment (FPAA) * * *

---

[1]This case was assigned pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, * * * . During this 90-day period, no other partner may file a petition for judicial review, and the filing of a petition by the tax matters partner includes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code * * * may petition * * * after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. * * *

When respondent issues an FPAA to a partnership, section 6223(a) requires the Commissioner to mail an FPAA to each partner in the partnership. (Special rules apply to partnerships with more than 100 partners. See sec. 6223(b)). As stated above, Bowen Ballard and Ballard Equity Investments, Inc., each held a 1-percent interest in the profits of Amesbury.

On April 18, 1988, two separate notices of the FPAA (one for each of the 1983 and 1984 taxable years) were mailed to Ballard Equity Investments, Inc., as a notice partner of Amesbury. On the upper right hand corner of the notices, under the heading "Date FPAA mailed to Tax Matters Partner," is the date "3-30-88." In response to these notices, Ballard Equity Investments, Inc., mailed a petition to the Court which was filed on June 30, 1988 (docket No. 16044-88). In this petition, Ballard Equity claims that it is the tax matters partner (TMP) of Amesbury. On September 6, 1988, respondent filed an answer in docket No. 16044-88, in which he denies that Ballard Equity is the TMP. Respondent further alleges that Mr. Bowen Ballard is the TMP of Amesbury. On August 29, 1988, Ballard Equity filed a notice partner petition (docket No. 22252-88), in which it alleges that although it believes itself to be the TMP of Amesbury for the years 1983 and 1984, it did not receive an FPAA as TMP. Ballard Equity further alleges that the August 29, 1988, petition was filed "as a protective measure in the event it is determined by the Court not to be the Tax Matters Partner."

On October 24, 1988, respondent filed a motion to correct caption in docket No. 16044-88, on the ground that the petition in that docket was filed by a notice partner rather than by a tax matters partner as alleged in the petition. Respondent also filed on October 24, 1988, a motion to dismiss duplicate petition in docket No. 22252-88, on the ground that the petition filed in that docket by Ballard Equity duplicated the petition deemed by respondent to have been filed by Ballard Equity as a notice partner in docket No. 16044-88. Petitioner filed motions to dismiss for lack of jurisdiction as to the taxable year 1983 on November 17, 1988, in both docket No. 16044-88 and docket No. 22252-88, on the grounds that the statute of limitations expired prior to the mailing of the FPAA to the TMP. Petitioner also filed a motion to hold respondent in default in docket No. 22252-88, on November 17, 1988.

*Respondent's Motion to Correct Caption in Docket No. 16044-88 and Respondent's Motion to Dismiss Duplicate Petition in Docket No. 22252-88*

In docket No. 16044-88, the envelope with the petition for readjustment of partnership items was mailed from Montgomery, Alabama, on June 28, 1988, the 90th day after issuance of the FPAA. It was received and filed by the Clerk of the Court on June 30, 1988. The caption used by petitioner in the petition was AMESBURY APARTMENTS, LTD., BALLARD EQUITY INVESTMENTS, INC., TAX MATTERS PARTNER. In docket No. 22252-88, the envelope with the petition for readjustment of partnership items was mailed from Montgomery, Alabama, on August 25, 1988, and was received and filed by the Court on August 29, 1988. The caption used in this petition was AMESBURY APARTMENTS, LTD., BALLARD EQUITY INVESTMENTS, INC., A NOTICE PARTNER. The clerk's office deleted "A NOTICE PARTNER" AND REDESIGNATED THE CAPTION, "A PARTNER OTHER THAN THE TAX MATTERS PARTNER."

Respondent's motion to correct caption in docket No. 16044-88 seeks to have the caption in this case changed to read "Amesbury Apartments, Ltd., Ballard Equity Investments, Inc., A Partner Other Than The Tax Matters Partner" on the ground that the caption should "reflect

that the petition was filed by a notice partner pursuant to I.R.C. section 6226(b)(1) rather than by a tax matters partner pursuant to I.R.C. section 6226(a)."

The term "tax matters partner" is defined in section 6231(a)(7) as follows:

SEC. 6231. DEFINITIONS AND SPECIAL RULES.
  (a) DEFINITIONS.—For purposes of this subchapter—

      \*       \*       \*       \*       \*       \*       \*

    (7) TAX MATTERS PARTNER.—The tax matters partner of any partnership is—
       (A) the general partner designated as the tax matters partner as provided in regulations, or
       (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing).

If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.

Section 6226(a)(1) provides that, within 90 days after an FPAA is mailed, the TMP may file a petition for readjustment of partnership items for the taxable year with the Tax Court. A partnership action is not commenced, however, by a petition filed within the 90-day period by an individual or entity that is not the tax matters partner. *Computer Programs Lambda, Ltd. v. Commissioner,* 89 T.C. 198, 202, 205 (1987); see also *Summerland Partnership v. Commissioner,* T.C. Memo. 1988-548.

It is undisputed in this case that Amesbury did not designate a tax matters partner for the taxable years 1983 and 1984. Consequently, the tax matters partner of Amesbury is the general partner with the largest profits interest. Sec. 6231(a)(7)(B); sec. 301.6231(a)(7)-1T(m)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1987). The partnership had two general partners during the years in issue, both with equal partnership interests, Bowen Ballard and Ballard Equity Investments, Inc. The TMP of Amesbury for the 1983 and 1984 taxable years is the general partner whose name would appear first in an

alphabetical listing. Sec. 6231(a)(7)(B). See also *Sierra Design Research & Development Ltd. Partnership v. Commissioner,* T.C. Memo. 1989-506 *(Sierra Design)*; *PAE Enterprises v. Commissioner,* T.C. Memo. 1988-222. Since Ballard, Bowen, would appear before Ballard Equity Investments, Inc., in an alphabetical listing, Mr. Bowen Ballard is the tax matters partner of Amesbury Apartments, Ltd., for the 1983 and 1984 taxable years.

Petitioner claims that the Internal Revenue Service (Service) had previously designated Ballard Equity as the tax matters partner. In support of this claim, petitioner relies upon Form 4605-A, Examination Changes dated February 18, 1987, in which a revenue agent referred to Ballard Equity as the TMP, and an examination report of Amesbury's returns dated November 5, 1986, which was mailed to Ballard Equity as the TMP. Respondent, however, argues that the Service did not select Ballard Equity as the TMP of Amesbury by virtue of the above-described report and correspondence. We agree with respondent.

To begin with, before the Service may select a partner as the TMP, two prerequisites must be satisfied. First, there must be no designation of a general partner as TMP by the partners in the partnership. Second, the Service must determine that it is impracticable to apply the largest profits interest rule. Here, the Service made no determination that it was impracticable to apply the largest profits interest rule under section 6231(a)(7)(B). To the contrary, the Service followed the largest profits interest rule by mailing letters dated January 8, 1988, and January 20, 1988, proposing partnership adjustments (as well as the FPAA dated March 30, 1988) to Amesbury Apartments, Ltd., Attn: Mr. Bowen Ballard, Tax Matters Partner. We reject petitioner's argument that the Service really intended to address the FPAA to Bowen Ballard in his capacity as president of Ballard Equity Investments, Inc. It is clear that the Service recognized Bowen Ballard, the individual, as the general partner with the largest profits interest whose name would appear first in an alphabetical listing.

The fact that petitioner had previously received an examination form and correspondence referring to Ballard Equity Investments, Inc., as TMP is of no assistance to

petitioner since Ballard Equity was not the TMP under the provisions of section 6231(a)(7)(B). The Service did not determine that it was impracticable to apply the largest profits interest rule since the Service actually followed that rule when the FPAA was issued. See *PAE Enterprises v. Commissioner, supra;* compare Rev. Proc. 88-16, 1988-9 I.R.B. 7. Ballard Equity Investments, Inc., was not the tax matters partner of Amesbury for the 1983 and 1984 taxable years.

This case is similar to *Sierra Design, supra.* In that case, Micro Systems and First Technology were the two general partners of Sierra with identical profits interests. On April 6, 1987, respondent issued an FPAA to "Tax Matters Partner, Sierra Design Research & Development" for the taxable year 1983. On the same day, respondent mailed copies of the FPAA to the notice partners of Sierra Design. On July 9, 1987, Micro Systems filed a petition purportedly as tax matters partner, for readjustment of the partnership items of Sierra Design with respect to the FPAA dated April 6, 1987. After the close of the 90-day period, a 5-percent notice group of partners filed its petition for readjustment of partnership items for the year 1983 on September 8, 1987, with respect to the FPAA for 1983. We held that since Sierra Design did not designate a TMP and the general partners, Micro Systems and First Technology, had identical profits interests, the general partner first to appear in an alphabetical listing was the TMP. Accordingly, Micro Systems' petition was dismissed for lack of jurisdiction since First Technology was the first alphabetically listed equal interest general partner. We also held that the timely petition filed by the 5-percent notice group should go forward under section 6226(b)(1), since no petition was filed by First Technology, the TMP, by the 90th day from the date the FPAA was mailed.

Here, Bowen Ballard is alphabetically listed before Ballard Equity Investments, Inc., and is the TMP pursuant to the rules contained in section 6231(a)(7)(B). Bowen Ballard, however, did not file a petition within the 90-day period after respondent issued the FPAA. A petition was filed by general partner Ballard Equity Investments, Inc., claiming to be the TMP. Subsequently, after expiration of the 90-day

period, but within 60 days of the close of the 90-day period provided in section 6226(a), Ballard Equity, a notice partner under section 6226(b)(1), filed a petition as a partner other than the TMP.

We now address the relief sought in respondent's motion to correct caption filed in docket No. 16044-88. At paragraph 4 of this motion, respondent alleges: "Mr. Bowen Ballard, tax matters partner, has failed to file a petition for readjustment of partnership items pursuant to I.R.C. section 6226(a)." As indicated above, we agree with respondent. Under the provisions of section 6226(a), judicial review of an FPAA commences in this Court when "the tax matters partner * * * [files] a petition for a readjustment of the partnership items for such taxable year." Since the petition in docket No. 16044-88 was valid under section 6226(a) only if it was filed by the tax matters partner, but it was not filed by the tax matters partner, it must be dismissed unless it can be considered filed by a partner other than the TMP under section 6226(b).

Respondent's reasoning in support of his motion to correct caption is set forth in paragraphs 10 and 11 of that motion, as follows:

10. Pursuant to I.R.C. section 6226(b)(1), any notice partner may file a petition for readjustment of partnership item within 60 days after close of the 90-day period under I.R.C. section 6226(a). The 60-day period period (sic) for timely filing such petition commenced on Wednesday, June 29, 1988, and expired on Monday, August 29, 1988, which date was not a legal holiday in the District of Columbia.

11. The June 30, 1988 filing of the petition in this case was timely under I.R.C. section 6226(b)(1). The filing of the petition by petitioner, a notice partner, therefore was effective to commence the partnership action of the partnership for the taxable years 1983 and 1984. * * *

In *Barbados #6 Ltd. v. Commissioner*, 85 T.C. 900 (1985), we held in a Court-reviewed opinion that a petition which was not filed timely by a TMP since it was not filed within the 90-day period, could nevertheless be timely filed as a notice partner petition by the same taxpayer under section 6226(b). In *Barbados #6 Ltd. v. Commissioner, supra* at 904-905 we stated in part:

The issue in these cases is whether a timely petition was filed by petitioner. Respondent would have us create two distinct time periods for

filing and separate the eligibility of petitioner from other notice partners for filing a petition during the later period. While we agree that the statute creates a two-tiered system for filing, we do not think the TEFRA provisions preclude a notice partner who is also the tax matters partner from filing as a notice partner. * * *

This result is compelled by section 6226(b)(1) which provides that any notice partner may file a petition in the Tax Court within 60 days after the close of the 90-day period in which the tax matters partner may petition the Court. We take this to mean that if the tax matters partner is also a notice partner, then the tax matters partner may also petition the Court as a notice partner within the 60-day period after the expiration of the 90-day period.

*    *    *    *    *    *    *

* * * In essence, we are simply saying here that petitioner wore two hats—one as the tax matters partner and another as a notice partner. Since a timely petition was not filed by petitioner as the tax matters partner, we see no statutory prohibition which precludes petitioner from proceeding on its own behalf by filing a petition as a notice partner.

Accordingly, although petitioner Ballard Equity failed to file a timely petition as TMP since that general partner was not the TMP, we hold that Ballard Equity as a notice partner timely filed the petition in docket No. 16044-88 within the 60-day period provided in section 6226(b)(1). See *Barbados #6 v. Commissioner, supra* at 904. Respondent's motion to correct caption to read "Amesbury Apartments, Ltd., Ballard Equity Investments, Inc., A Partner Other Than The Tax Matters Partner" will be granted. See Rule 240(d).

Respondent's motion to dismiss duplicate petition in docket No. 22252-88 must also be granted for the same reasons we gave in granting respondent's motion to correct caption. We note that the petition in docket No. 22252-88 was filed by Ballard Equity as a "protective measure" in the event Ballard Equity was determined by us not to be the TMP. As we pointed out in our opinion in *Barbados #6 Ltd. v. Commissioner, supra* at 906, "The thrust of the statutory scheme is to get the partnership and all interested partners into court into one proceeding * * * [and] where the tax matters partner is also a notice partner, it insures that the partnership will have its prepayment day in the Tax Court." The petition in docket No. 16044-88, corrected to reflect the name Ballard Equity as the notice partner, will

go forward. Respondent's motion to dismiss duplicate petition in docket No. 22252-88 will be granted.

### Petitioner's Motion to Hold Respondent in Default in Docket No. 22252-88

A petition was filed and served in docket No. 22252-88 on August 29, 1988. Respondent has 60 days from the date of service of the petition to file an answer or 45 days from that date within which to move with respect to the petition. Rule 36(a). Respondent did not file an answer in docket No. 22252-88. Instead, respondent filed a motion to dismiss duplicate petition on October 24, 1988. On November 17, 1988, petitioner filed a motion to hold respondent in default. In that motion, petitioner Amesbury Apartments, Ltd., Ballard Equity Investments, Inc., a partner other than a tax matters partner, "moves the Court that pursuant to Rule 123(a) of the Court's rules, a default judgment be entered in favor of the Petitioner due to Respondent's failure to file an answer to the petition within sixty days after the date of service of the petition and in the alternative its failure to file any motion with respect to the petition within forty-five days of service."

In view of our ruling that respondent's motion to dismiss duplicate petition in docket No. 22252-88 will be granted, petitioner's motion to hold respondent in default for failing to answer the petition in this case is moot. Moreover, petitioner is not prejudiced by respondent's delay of a few days in failing to move with respect to filing his motion to dismiss duplicate petition with respect to docket No. 22252-88.

### Petitioner's Motions to Dismiss for Lack of Jurisdiction

Petitioner has filed a motion to dismiss each petition for lack of jurisdiction as to the taxable year 1983 on the ground that the statute of limitations for assessment of tax attributable to any partnership item (or affected item) expired prior to the date of mailing the FPAA. In view of our dismissal of the petition in docket No. 22252-88 for the reasons given above, we consider only petitioner's motion to dismiss for lack of jurisdiction in docket No. 16044-88. Since

the statute of limitations issue is not jurisdictional, but rather an affirmative defense, we will treat petitioner's motion to dismiss for lack of jurisdiction as to the taxable year 1983 as a motion for partial summary judgment under Rule 121.

Amesbury's 1983 partnership return (Form 1065) was prepared and signed by a member of the Montgomery, Alabama, C.P.A. firm of Aldridge, Borden & Co., P.C. (the Borden Company). The 1983 return was signed on behalf of Amesbury and for general partner Ballard Equity Investments, Inc., by Mark E. Harris as "VP Ballard Equity Investments, Inc." Mark E. Harris is also a limited partner of Amesbury Apartments, Ltd., with a 0.844800-percent interest in the partnership's profits.

Some time in February 1986, Amesbury executed a Form 2848 (Power of Attorney and Declaration of Representative, Rev. October 1983) in favor of C.P.A.'s Dave G. Borden, O. Reese Carr, and Richard N. Yon of the Borden Company. These partners of the Borden Company were authorized to represent Amesbury before the Internal Revenue Service with respect to the partnership's 1983 tax year.

The Form 2848 was executed for Amesbury by Bowen Ballard.[2] To the right of Mr. Ballard's name was typed "President, Ballard Equity Investments, Inc., General Partner." Mr. Ballard's signature was undated. The three C.P.A.'s appointed as attorneys in fact signed and dated the form on February 17, 1986. Respondent alleges that the executed Form 2848 was received by his agents on May 27, 1986. On January 17, 1987, pursuant to this power of attorney, Mr. Borden executed a Form 872-O (Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, January 1984) (the consent). This form was executed for respondent by Jay B. Whitaker, Group Manager for Philip J. Sullivan, District Director, on January 22, 1987.

The general rule concerning the statute of limitations for assessing any tax attributable to partnership items or

---

[2] The printed language to the left of the space for a taxpayer's signature on Form 2848, reads as follows: "Signature of or for taxpayer (If signed by a * * * partner * * * on behalf of the taxpayer, I certify that I have the authority to execute this power of attorney on behalf of the taxpayer)."

affected items is set forth in section 6229(a), which provides as follows:

SEC. 6229. PERIOD OF LIMITATIONS FOR MAKING ASSESS-
MENTS.

(a) GENERAL RULE.—Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of—

(1) the day on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

The rules for extending the statute of limitations are contained in section 6229(b), which provides, in part, as follows:

SEC. 6229(b). EXTENSION BY AGREEMENT.—

(1) IN GENERAL.—The period described in subsection (a) (including an extension period under this subsection) may be extended—

(A) with respect to any partner, by an agreement entered into by the Secretary and such partner, and

(B) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person authorized by the partnership in writing to enter into such an agreement),

before the expiration of such period.

Procedures for a partnership to authorize a person other than the TMP to enter into an agreement extending the statute of limitations are set forth in section 301.6229(b)-1T, which was adopted on March 2, 1987, by T.D. 8128. See sec. 301.6229(b)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6789 (Mar. 5, 1987). That temporary regulation provides as follows:

Extension by agreement.—Any partnership *may* authorize any person to extend the period described in section 6229(a) with respect to all partners by filing a statement to that effect with the service center with which the partnership return is filed. The statement shall—

(a) Provide that it is an authorization for a person other than the tax matters partner to extend the assessment period with respect to all partners,

(b) Identify the partnership and the person being authorized by name, address, and taxpayer identification number,

(c) Specify the partnership taxable year or years for which the authorization is effective, and

(d) Be signed by all persons who were general partners at any time during the year or years for which the authorization is effective. [Emphasis added.]

We now consider whether the Form 872-O consent form executed by Mr. Borden is valid for the year 1983. If it is valid, then the period for assessment of taxes, interest, and additions to tax was extended and respondent's issuance of the notice of FPAA for the year 1983 was timely. If, however, the agreement to extend the time is found to be invalid, then the period within which to assess any tax attributable to a partnership item, additions to tax, and interest for the year 1983 has expired.

Amesbury Apartments, Ltd., is a partnership which is subject to the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, partnership audit and litigation provisions of Code sections 6221 through 6233, inclusive. For such a partnership, section 6229(a) provides (as set forth above) that the period for assessing any Federal income tax attributable to any partnership item for the partnership's taxable year extends to the end of the 3-year period following the later of (1) the date on which the partnership return for such taxable year was filed, or (2) the last day for filing a return for that year. Section 6229(b)(1)(A) and (B), however, provides an exception to the 3-year period. The assessment period may be extended with respect to any partner, by an agreement entered into by respondent and such partner, and may be extended with respect to all partners, by an agreement entered into by respondent and the tax matters partner or any other person authorized by the partnership in writing to enter into such an agreement by the partnership. The agreement must be executed prior to the expiration of the original 3-year period.

The expiration of the period of limitation on assessment is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proving its applicability. Rules 39, 142(a). To establish this defense, the taxpayer must make a prima facie case establishing the filing of the partnership return, the expiration of the

statutory period, and receipt or mailing of the notice after the running of the period. *Miami Purchasing Service Corp. v. Commissioner*, 76 T.C. 818, 823 (1981); *Robinson v. Commissioner*, 57 T.C. 735, 737 (1972). Where the party pleading the defense makes such a showing, the burden of going forward with the evidence shifts to respondent who must then introduce evidence to show that the bar of the statute is not applicable. *Adler v. Commissioner*, 85 T.C. 535, 540 (1985). Where respondent makes such a showing, the burden of going forward then shifts back to the party pleading the affirmative defense to show that the alleged exception to the expiration of the period is invalid or otherwise inapplicable. *Adler v. Commissioner, supra* at 540. The burden of proof, i.e., the burden of ultimate persuasion, however, never shifts from the party who pleads the bar of the statute of limitations. *Adler v. Commissioner, supra* at 540.

An agreement to extend the period of limitation for assessment and collection is not a contract but rather a waiver of a defense. *Stange v. United States*, 282 U.S. 270 (1931); *Piarulle v. Commissioner*, 80 T.C. 1035, 1042 (1983); *Tallal v. Commissioner*, 77 T.C. 1291 (1981), affd. on other issues 778 F.2d 275 (5th Cir. 1985). In determining the validity of such a waiver, however, contract principles are important, because section 6229(b) requires a written agreement, and we look to the objective manifestations of mutual assent to determine the terms of such an agreement. See *Schulman v. Commissioner*, 93 T.C. 623, 639 (1989); *Piarulle v. Commissioner, supra* at 1042.

There is no dispute that the partnership tax return (Form 1065) of Amesbury for 1983 was filed by April 15, 1984, and that the general period of limitations would have expired on April 15, 1987. Amesbury and respondent agree that they executed Form 872-0 on January 17, 1987, and January 22, 1987, respectively, which is prior to the expiration of the 3-year statute under section 6229(a), extending the 1983 statute of limitations with respect to all partners for an indefinite period. The Form 872-0 was executed on behalf of the partnership by Dave G. Borden, who signed the consent on the authorized representative line as "CPA, POA."

Respondent argues that Mr. Borden had the requisite authority to extend the statute of limitations with respect to all partners in the instant case since Mr. Borden signed the consent pursuant to a valid Form 2848 (Power of Attorney and Declaration of Representative), which covers the 1983 taxable year of Amesbury. According to this Form 2848, which was executed some time in February 1986 by Bowen Ballard, President of Ballard Equity Investments, Inc. (at which time he certified that he had the authority to execute the power of attorney on behalf of Amesbury):

The attorney(s)-in-fact (or either of them) are authorized, subject to revocation, to receive confidential information and to perform any and all acts that the principal(s) can perform with respect to the above specified tax matters (excluding the power to receive refund checks, and the power to sign the return (see regulations section 1.6012-1(a)(5), Returns made by agents), unless specifically granted below).

Petitioner, on the other hand, claims that the consent is invalid because Mr. Borden did not have the authority by law to execute the consent. In support of its motion to dismiss, petitioner alleges, in part:

4. The general partners of the partnership did not sign and file any statement with the Internal Revenue Service which provided that any person other than the Tax Matters Partner was authorized to extend the assessment period with respect to all partners for the taxable year ended December 31, 1983 as required by 26 CFR 301.6629(b)-1T, in order to delegate such authority.

5. The Form 872-0 which was signed by Dave Borden, CPA, and purported to extend the assessment period with respect to all partners for the taxable year ended December 31, 1983, was not authorized by all of the general partners of the partnership who were general partners during 1983 as required by 26 CFR 301.6629(b)-1T.

Petitioner's reliance on temporary regulation section 301.6229(b)-1T, adopted March 2, 1987, is misplaced. That regulation was not promulgated until after Amesbury's partner, Ballard Equity Investments, Inc., authorized Mr. Borden to represent the partnership before the Internal Revenue Service and Mr. Borden executed the consent. Accordingly, this regulation cannot invalidate prior authority granted Mr. Borden by the partnership to execute the consent. Moreover, the crucial word in temporary regulation section 301.6229(b)-1T is "may," not "shall." There is no mandatory requirement that a partnership give authority to a person to execute a consent utilizing specific procedures,

such as those outlined in the temporary regulation. Amesbury partner Ballard Equity executed the power of attorney which gave Mr. Borden authority to "perform any and all acts * * * with respect to the above specified tax matters." Amesbury has not shown that Mr. Borden's authority to perform acts pursuant to the power of attorney was restricted in any manner by Amesbury partner Ballard Equity Investments, Inc., at the time it executed the Form 2848 on behalf of the partnership.

Petitioner must carry its burden of proving that the agreement entered into by Dave Borden on behalf of the partnership was invalid in that the partnership never intended to authorize Mr. Borden to execute consents on behalf of any partner or partners of Amesbury. Petitioner has failed to do so. We find that the partnership intended to give Mr. Borden authority to represent it before the Service as to all aspects of its 1983 tax return dispute with respondent, including the execution of the consent form. Because respondent has presented a consent extending the period of limitation for assessing tax beyond the date of the FPAA that petitioner has not proved invalid, the FPAA was timely issued. Petitioner's motion for partial summary judgment will be denied.

*Appropriate orders will be issued.*