FURNITURE MARKETING SPECIALISTS, INC. DEFINED BENEFIT PENSION PLAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Furniture Mktg. Specialists v. Commissioner
Docket No. 20872-92
United States Tax Court
T.C. Memo 1993-501; 1993 Tax Ct. Memo LEXIS 512; 66 T.C.M. (CCH) 1176; November 1, 1993, Filed *512 An appropriate order denying petitioner's motion for partial summary judgment will be issued. For petitioner: I. Frederick Shotkin and Jeffrey A. Schantz. For respondent: Peter J. Labelle and Laurie B. Kazenoff. LARO
LARO
MEMORANDUM OPINION LARO, Judge: Furniture Marketing Specialists, Inc. Defined Benefit Pension Plan (petitioner) moves pursuant to Rule 121 [1] for an order granting summary judgment in its favor. We treat petitioner's motion for summary judgment as a motion for partial summary judgment; a resolution favorable to petitioner would resolve only 1 of the 2 taxable years in issue. Petitioner is a defined benefit plan; its plan year ends on May 31. Petitioner filed timely its 1985 and 1986 Form 5500, Annual Return/Report of Employee Benefit Plan. Respondent determined that petitioner was not a qualified plan under section 401(a) *513 for its 1985 and 1986 plan years, and that the accompanying trust was not exempt from taxation under section 501(a) for the same years. Accordingly, respondent adjusted petitioner's taxable income for those years to reflect income to the trust of $ 29,677 and $ 31,545, respectively, and determined deficiencies in petitioner's 1985 and 1986 Federal income taxes equal to $ 8,120 and $ 8,730, respectively. Respondent's determinations were reflected in her notice of deficiency dated June 12, 1992. Petitioner alleges that respondent is barred by the 3-year period of limitation under section 6501(a) from assessing any tax for its 1985 taxable year, and, accordingly, petitioner is entitled to judgment as a matter of law with respect to that year. We disagree with petitioner and will deny its motion for partial summary judgment. Respondent has Forms 872, Consent to Extend the Time to Assess Tax, for the following periods: Date Statute Years Covered
Date Form Executed
Extended To
1985 and 1986
December 6, 1989
December 31, 1990
1985 and 1986
August 27, 1990
June 30, 1991
1985 and 1986
April 1, 1991
June 30, 1992
Respondent has not located a Form 872 extending the period *514 of assessment to December 6, 1989, the execution date of the earliest Form 872. Respondent contends that she and petitioner properly executed a Form 872 extending the period of assessment to December 31, 1989, and that secondary evidence will prove the existence and timely execution of that Form. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992); Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). A decision on the merits of a taxpayer's claim can be made via summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). Because summary judgment decides against a party before trial, we grant such a remedy cautiously and sparingly, and only after carefully ascertaining that the moving party has met all the requirements for summary judgment. Associated Press v. United States, 326 U.S. 1, 6 (1945); *515 Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). The Court will not resolve disagreements over material factual issues in a summary judgment proceeding. Espinoza v. Commissioner, supra at 416. The burden of proving that there is no genuine issue of material fact is on the moving party and factual inferences are viewed in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Kroh v. Commissioner, supra at 390. A fact is material if it "tends to resolve any of the issues that have been properly raised by the parties." 10A Wright, Federal Practice and Procedure, sec. 2725, at 93 (2d ed. 1983). Respondent generally must assess tax against a taxpayer such as petitioner within 3 years of the later of the due date or filing date of its return. Sec. 6501(a) and (b)(1); Bufferd v. Commissioner, 952 F.2d 675, 676 (2d Cir. 1992), affd. 506 U.S.    , 113 S. Ct. 927 (1993). One exception to this general rule is that a taxpayer and the Secretary *516 of Treasury (or his delegate) may agree in writing to an assessment after this 3-year period if they do so within this 3-year period (or longer period if this 3-year period of time was properly extended). Secs. 6501(c)(4), 7701(a)(11)(B); Bufferd v. Commissioner, supra at 676-677; see also sec. 301.6501(c)-1(d), Proced. & Admin. Regs. Petitioner contends that respondent mailed her notice of deficiency for 1985 after the expiration of the 3-year period of limitation in section 6501(a). The bar of the statutory period of limitation is an affirmative defense, and the party raising this defense must specifically plead it and prove it. Rules 39, 142(a); Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240 (1990). Petitioner has pleaded the defense properly; thus, we proceed to address its contention. In questioning the validity of the notice of deficiency by asserting that the notice was mailed after the expiration of the 3-year period of limitation, petitioner initially must prove: (1) The filing date of its 1985 Form 5500 and (2) that respondent mailed her notice of deficiency after the 3-year expiration date *517 for the period of limitation. Amesbury Apartments, Ltd. v. Commissioner, supra at 240-241; Adler v. Commissioner, 85 T.C. 535, 540 (1985). Petitioner has done so; thus, it has established a prima facie case that the statutory period of limitation precludes respondent from making any assessment for 1985, and the burden of going forward shifts to respondent. Armes v. Commissioner, 448 F.2d 972, 974 (5th Cir. 1971), affg. in part, revg. in part, and remanding T.C. Memo. 1969-181; Adler v. Commissioner, supra at 540-541. Respondent must introduce evidence showing that an assessment for 1985 is not barred by the period of limitation under section 6501(a). Armes v. Commissioner, supra at 974; Adler v. Commissioner, supra at 540-541. If respondent makes such a showing, the burden of going forward with the evidence shifts back to petitioner to prove the invalidity of any of the consents. [2]Id. at 541. *518 Respondent may meet her burden by showing that: (1) She and petitioner executed one or more written agreements, valid on their face, extending the period of limitation on assessment, and (2) the notice of deficiency was mailed prior to the end of the extended period. Id. at 540. When respondent cannot produce an original consent that was executed by the parties, and the taxpayer cannot produce his or her copy thereof, respondent may rely on secondary evidence to prove the existence *519 and timeliness of the missing consent. Fed. R. Evid. 1004; United States v. Conry, 631 F.2d 599, 600 (9th Cir. 1980); see also Huffmeyer v. Commissioner, T.C. Memo. 1987-48. In this regard, respondent has represented to the Court that she has witnesses and/or other evidence that are relevant to proving the existence of the missing consent. Accordingly, we hold that petitioner has not proven that there is no genuine issue as to any material fact so that a decision may be rendered as a matter of law. To reflect the foregoing, An appropriate order denying petitioner's motion for partial summary judgment will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
2. Notwithstanding the shifting of the burden of going forward, the burden of persuasion never shifts from the party who pleads the bar of the statutory period of limitation. Rule 142(a); Stern Bros. & Co. v. Burnet, 51 F.2d 1042 (8th Cir. 1931), affg. 17 B.T.A. 848 (1929); Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 241 (1990); Adler v. Commissioner, 85 T.C. 535, 540↩ (1985).