MOHAMED AND HAIAT A. MOHSIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mohsin v. Commissioner
Docket No. 17713-92
United States Tax Court
T.C. Memo 1994-141; 1994 Tax Ct. Memo LEXIS 122; 67 T.C.M. (CCH) 2585; March 30, 1994, Filed *122 Decision will be entered under Rule 155. P conducted three businesses during 1984 and 1985, the taxable years in issue. P also had a 50-percent interest in a partnership. P did not keep adequate books and records for the businesses or the partnership. P received certain rents and interest unrelated to the businesses and the partnership. P consented to extend the statute of limitation on the assessment and collection of tax. Held: The statute of limitation does not bar the assessment and collection of income taxes for P's 1984 and 1985 taxable years. Held, further, P overstated expenses for two businesses for the taxable years 1984 and 1985. Held, further, P understated income received from his interest in the partnership for the taxable years 1984 and 1985. Held, further, P received taxable rents and interest. Mohamed Mohsin, pro se. [1]
For respondent: Melanie Garger and Dante Lucas. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: This case is before the Court on the petition of Mohamed and *123 Haiat A. Mohsin (petitioners) for redetermination of respondent's determinations reflected in her notice of deficiency. Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1984
[2] $ 82,631
$ 21,086
$ 4,217
[1]
$ 20,658
1985
47,242
12,245
2,449
[1]
11,811
After a concession by respondent, the issues for decision are: [2]
(1) Whether the statute of limitation bars the assessment and collection of income taxes for petitioners' 1984 and 1985 taxable years. We hold it does not. *124 (2) Whether petitioners overstated their 1984 and 1985 expenses from Haiat Grocery in the amounts of $ 47,325 and $ 45,988, respectively. We hold they did. (3) Whether petitioners overstated their Schedule C 1984 and 1985 expenses from 737 West End Grocery in the amounts of $ 109,690 and $ 104,097, respectively. We hold they did. (4) Whether petitioners understated 1984 and 1985 taxable income from petitioner's partnership interest in 222nd Street Live Poultry Market, in the amounts of $ 24,248 and $ 22,703, respectively. We hold they did. (5) Whether petitioners' taxable income from certain rental property located at 737 West End Avenue should be increased by $ 14,501 for the taxable year 1984 and decreased by $ 12,914 for taxable year 1985. We hold it should. (6) Whether petitioners realized taxable interest income in the amounts of $ 1,916 and $ 1,831 for their 1984 and 1985 taxable years, respectively. We hold they did. (7) Whether petitioners are liable for additions to tax pursuant to section 6651(a)(1) for each year in issue. We hold they are. (8) Whether petitioners are liable for additions to tax pursuant to section 6653(a)(1) and (2) for each year in issue. *125 We hold they are. (9) Whether petitioners are liable for additions to tax pursuant to section 6661 for each year in issue. We hold they are. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and exhibits attached thereto are incorporated herein by this reference. At the time they filed their petition, petitioners resided in Scarsdale, New York. Petitioners are husband and wife. Petitioners filed their 1984 and 1985 Federal income tax returns on July 9, 1987, using the filing status "Married filing joint return". These returns each included a Schedule C, Profit or (Loss) From Business or Profession, for each of three businesses, (1) Mohammed Newsstand, (2) Haiat Grocery, and (3) 737 West End Grocery. These returns also each contained a Schedule E, Supplemental Income Schedule, which showed (1) income and expenses for a rental property located at 737 West End Avenue, and (2) net income from 222nd Street Live Poultry Market (the Partnership), a partnership in which petitioner and a man named Dahan Ali Shohantee (Shohantee) each owned a 50-percent interest. On January 3, 1990, pursuant to a valid power of attorney, William Oliverio (Oliverio) *126 signed a Form 872, Consent to Extend the Time to Assess Tax, extending until June 30, 1991, the time in which respondent could assess tax for petitioners' 1984 and 1985 taxable years. [3] On January 24, 1991, Oliverio signed another Form 872 further extending until June 30, 1992, [4] the time in which respondent could assess tax with respect to petitioners' 1984 and 1985 taxable years. On June 29, 1992, before the expiration of this extended period, respondent sent by certified mail a copy of the notice of deficiency for petitioners' 1984 and 1985 taxable years to their last known address; the original was sent to Oliverio by certified mail on the same day. Nashaat Antonious (Antonious), an accountant, prepared petitioners' 1984 and 1985 Federal income tax returns. When Antonious prepared petitioners' returns, he did not see any books or records for the businesses, but *127 relied solely on oral information transmitted by petitioners. In addition to auditing petitioners' 1984 and 1985 returns, respondent audited the Partnership for 1984 and 1985. Because the Partnership's books and records were inadequate to do an audit, respondent conducted a third party investigation and a bank deposits analysis of two bank accounts, one with Citibank and one with Chase Manhattan Bank. The Chase Manhattan account was in the name of the Partnership. The Citibank account was in Shohantee's name. Respondent determined that the partnership understated its 1984 gross receipts by $ 114,260. This amount includes deposits to the Citibank account of $ 46,956 and deposits to the Chase Manhattan account of $ 60,813. [5]
*128 Respondent also determined that petitioners' 1985 distributive share of income from the Partnership must be increased to reflect disallowed deductions. [6]
OPINION The notice of deficiency benefits from a presumption of correctness, and petitioners bear the burden of proving it erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners contend that respondent mailed the notice of deficiency for the years in issue after the expiration of the 3-year period of limitation in section 6501(a). Petitioners bear the burden of proof on this issue as well. Rules 39, 142(a); Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 240 (1990). Respondent generally must assess tax against individual taxpayers such as petitioners within 3 years after the later of the due date or filing date of the return. Sec. 6501(a) and (b)(1); Mecom v. Commissioner, 101 T.C. 374, 381 (1993). *129 One exception to the general 3-year period of limitation is that a taxpayer and the Secretary of Treasury (or his delegate) may agree in writing to an assessment after this 3-year period if they do so within the 3-year period (or longer period if the 3-year period of time was properly extended). Secs. 6501(c)(4), 7701(a)(11)(B); see also sec. 301.6501(c)-1(d), Proced. & Admin. Regs. Petitioners filed their 1984 and 1985 tax returns on July 9, 1987, and respondent mailed her notice of deficiency on June 29, 1992, pursuant to two valid consents that extended the assessment period to June 30, 1992. Thus, the period of limitation has not run, and we proceed to address the remaining issues in this case. Respondent determined that petitioners overstated their 1984 and 1985 expenses from Haiat Grocery in the amounts of $ 47,325 and $ 45,988, respectively, and that petitioners overstated their 1984 and 1985 expenses from 737 West End Grocery in the amounts of $ 109,690 and $ 104,097, respectively. With respect to petitioners' claimed deductions, deductions are strictly a matter of legislative grace; petitioners bear the burden of proving their entitlement to all deductions claimed. *130 Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Kuhl v. Commissioner, T.C. Memo. 1993-338. To this end, petitioners must keep sufficient records to substantiate their claimed expenses and deductions. Sec. 6001. Because petitioners failed to prove their entitlement to any of the expenses disallowed by respondent, we sustain respondent's determinations with respect to both Haiat Grocery and 737 West End Grocery. [7]
*131 Respondent also determined that petitioners understated their 1984 and 1985 taxable income from the Partnership, in the amounts of $ 24,248 and $ 22,703, respectively.[8] Taxpayers must maintain books and records adequate to enable them to file a correct return. Secs. 1.446-1(a)(4), 1.6001-1(a), Income Tax Regs. Where a taxpayer fails to maintain books and records, the Commissioner is authorized to reconstruct the taxpayer's income in accordance with a method that in her opinion clearly reflects income. Sec. 446(b); Mahigel v. Commissioner, T.C. Memo. 1983-529. Respondent's determination for 1984 was based in part on the bank deposits method. For that year, respondent determined that the Partnership had taxable bank deposits of $ 46,956 in the Citibank account and $ 60,813 in the Chase Manhattan account. We find that the Citibank account was not the Partnership's account, but rather was a personal account of Shohantee. Thus, we find that the taxable bank deposits of $ 46,956 for 1984 must be disregarded in determining both the income of the Partnership and petitioner's allocable share of such income. We sustain respondent's determination for *132 1985; petitioners presented no evidence on this issue. Respondent also determined that petitioners' taxable income from certain rental property located at 737 West End Avenue should be increased by $ 14,501 for the taxable year 1984 and decreased by $ 12,914 for taxable year 1985. Rental income is taxable under section 61(a)(5). As petitioners presented no evidence on this issue, we sustain respondent's determination on it. Respondent further determined that petitioners realized taxable interest income from Chase Manhattan Bank in the amounts of $ 1,916 and $ 1,831 for their 1984 and 1985 taxable years, respectively. Interest income is taxable under section 61(a)(4). As petitioners presented no evidence on this issue, we sustain respondent's determination on it. The failure to file a timely *133 return, without reasonable cause, will subject a taxpayer to an addition to tax. Sec. 6651. Petitioners have not provided any justification for the delinquency of their returns, nor carried their burden of proof as to their timeliness. We therefore sustain respondent's determination that petitioners are liable for additions to tax under section 6651. Respondent also determined that petitioners are liable for additions to tax under section 6653(a)(1) and (2) for each taxable year in issue. Section 6653(a)(1) imposes an addition to tax for 5 percent of the amount of the deficiency attributable to negligence. Section 6653(a)(2) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence includes a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of proving that respondent's determination of negligence is erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Petitioners *134 presented no evidence with respect to this addition, so we find for respondent on this issue. Respondent further determined that petitioners are liable for additions to tax under section 6661 for both years in issue. Section 6661 provides for an addition to tax if there is a substantial understatement of income tax. The amount of the addition to tax where it is assessed after October 21, 1986, is equal to 25 percent of the amount attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). An understatement is reduced to the extent it is: (1) Based on substantial authority, or (2) adequately disclosed in the return or in a statement attached to the return. Sec. 6661(b)(2). Respondent's determination of an addition to tax for substantial understatements under section 6661 is presumed to be correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Sandvall v. Commissioner, 898 F.2d 455, 459 (5th Cir. 1990), *135 affg. T.C. Memo. 1989-56. As petitioners presented no evidence on this issue, we sustain respondent's determination for each year in which the Rule 155 computation reflects a substantial understatement within the meaning of section 6661. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. On Dec. 9, 1993, Edward J. Sweeney, entered an appearance for Mohamed Mohsin. On Dec. 9, 1993, we granted his motion to withdraw.↩
2. In her brief, respondent noted that the deficiency for 1984 should be less because the notice of deficiency overstated certain gross receipts by $ 11,900.↩
1. This amount is 50 percent of the interest due on the deficiency.↩
2. Respondent conceded that petitioners understated their 1984 and 1985 expenses from Mohamed Newsstand in the amounts of $ 13,488 and $ 35,346, respectively.↩
3. A Group Manager of respondent signed the Form 872 on Jan. 11, 1990.↩
4. A Group Manager of respondent signed this Form 872 on Jan. 28, 1991.↩
5. To arrive at the gross receipts of 222nd Street Live Poultry Market (the Partnership), respondent added total net bank deposits to cash purchases verified with suppliers and noncash purchases from suppliers. Respondent arrived at noncash purchases from suppliers by taking the difference between total purchases from suppliers and cash purchases from suppliers. The noncash figure represented a combination of checks, money orders, and third party checks.↩
6. Respondent did not increase the Partnership's 1985 gross receipts.↩
7. Petitioners argue that the businesses were subleased to others and that the only income petitioners received from the businesses was rental income. In effect, petitioners are arguing that they erroneously reported too much income from these businesses, so we should uphold the deductions they claimed. The record does not support petitioners' contention; there is no evidence in the record of any lease or other rental of these businesses, or of rental income from these businesses. Instead, the record bears out respondent's contention that petitioners owned these businesses and received the income from them. We note that petitioners voluntarily filed tax returns on which they reported the gross receipts and expenses of each business on a Schedule C. In any event, we will not disregard respondent's determination and allow petitioners' deductions where they have not proven their entitlement to such deductions.↩
8. Petitioners argue that petitioner's interest in the Partnership was subleased and that the only income petitioners received from the Partnership was rental income. The record again does not support petitioners' contention.↩