87 F.3d 1318
 78 A.F.T.R.2d 96-5159, 96-2 USTC P 50,378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ESTATE OF Doris N. BARRETT, Deceased, Larry T. Acord,
co-executor, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 95-70102.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1996.*
Decided June 12, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges, and TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Larry T. Accord, co-executor of the estate of Doris N. Barrett, appeals the Tax Court's dismissal of his petition for a redetermination of deficiency. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and affirm.
 
 
 4
 Appellant concedes that his petition for redetermination was filed more than ninety days after the Commissioner's issuance of a notice of deficiency. Thus, so long as the notice of deficiency was validly issued, Appellant would also concede that the Tax Court properly dismissed his petition for lack of jurisdiction pursuant to 26 U.S.C. § 6213(a). See Scar v. C.I.R., 814 F.2d 1363, 1366 (9th Cir.1987). Appellant contends, however, that the notice of deficiency was invalid because he was not provided an administrative appeal prior to its issuance.
 
 
 5
 Because a taxpayer is entitled to a de novo proceeding in the Tax Court upon the filing of a timely petition for review, Clapp v. C.I.R., 875 F.2d 1396, 1403 (9th Cir.1989), we have repeatedly stated the general rule that courts will not "look behind a deficiency notice to question the Commissioner's motives and procedures leading to a determination." Kantor v. C.I.R., 998 F.2d 1514, 1521 (9th Cir.1993); Clapp v. C.I.R., 875 F.2d at 1400; Scar, 814 F.2d at 1368; see, e.g., Brimm v. Commissioner, 70 T.C. 15, 22-23 & n. 7 (1978) (holding notice valid despite taxpayer's argument that procedures followed were improper and noting that even if the procedures were flawed, invalidating the notice would not be a proper remedy); Boyer v. Commissioner, 69 T.C. 521, 543-44 (1977) (holding notice valid despite taxpayer's argument that he was arbitrarily deprived of his right to a pre-issuance conference concerning the asserted deficiency). Appellant argues that we should not apply this oft-stated rule to the notice issued in this case because he was promised an administrative appeal in the 30-day letter the Commissioner sent to him on January 3, 1994. As support for his argument that the 30-day letter contained an enforceable promise invalidating a notice of deficiency not issued according to its terms, Appellant cites Johnson v. Commissioner, 68 T.C. 637 (1977), and the doctrine of estoppel, both of which are unavailing.
 
 
 6
 In Johnson, the parties were unable to reach an agreement on the taxpayer's[1] tax liability within the three-year limitations period provided by 26 U.S.C. § 6501(a). Id. at 638. Therefore, pursuant to § 6501(c)(4), they agreed in writing to extend the limitations period until ninety days after the mailing by the IRS of a "written notification to the taxpayer(s) of termination of Appellate Division consideration." Id. at 639. The issue before the Tax Court was whether a letter sent by the IRS more than ninety days before the notice of deficiency was issued amounted to a "written notification" triggering the agreed-upon ninety-day limitations period. Id. The Tax Court construed the letter as such a "written notification," and granted the taxpayer's motion for summary judgment on the grounds that the limitations period for assessment had expired. Id. at 642-46.
 
 
 7
 Johnson is distinguishable from the instant case on two important grounds. First, Johnson did not involve the Tax Court's jurisdiction. Even though the notice of deficiency was ruled to be untimely, it was still valid for jurisdictional purposes. Id. at 646; see Amesbury Apartments, Ltd. v. Commissioner, 95 T.C. 227, 237-38 (1990) (stating that the statute of limitations issue is not jurisdictional, but is an affirmative defense); cf. Scar, 814 F.2d at 1370 (ruling that the notice of deficiency was invalid for jurisdictional purposes because it revealed on its face that no determination of tax deficiency had actually been made). Thus the general rule challenged by Appellant--that we will not look behind a deficiency notice to question the procedures leading to a determination--was not at issue in Johnson. Second, the agreement at issue in Johnson is clearly identified as a binding agreement pursuant to § 6501(c)(4). In contrast, the thirty-day letter relied on by Appellant is merely a form letter designed to inform the taxpayer of the administrative appeal process available to him or her, see 26 C.F.R. § 610.105(d)(1)(iv), and is not by its own terms or otherwise a binding agreement between the Commissioner and the taxpayer.
 
 
 8
 Appellant also argues that the doctrine of equitable estoppel binds the Commissioner to the terms of the 30-day letter. For purposes of our analysis, it is sufficient to note that Appellant actually became aware that a notice of deficiency had been issued no later than April 28, 1994. At that time, Appellant still had until July 5, 1994, to file his petition for review. Appellant provides no explanation for his failure to timely file his petition, and, in the process, had failed to demonstrate that he detrimentally relied on the Commissioner's "promise" of an administrative appeal. See United States v. Hemmen, 51 F.3d 883, 892 (9th Cir.1995) (identifying as one element of estoppel that the party invoking the doctrine must detrimentally rely on the other's conduct).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Hon. Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 There were actually two taxpayers with identical claims. For convenience, they are referred to in the singular