T.C. Memo. 2012-355

UNITED STATES TAX COURT

TODD JOHN DANIELS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17011-10.                    Filed December 20, 2012.

Todd John Daniels, pro se.

<u>Randall Craig Schneider</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of $44,543 in

petitioner's 2006 Federal income tax.  The sole issue for decision is whether the

period of limitations in which respondent may assess petitioner's tax for 2006 has

expired.  Unless otherwise indicated, all section references are to the Internal

[*2] Revenue Code in effect for the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. At the time he filed his petition, petitioner resided in California.

Petitioner's mother, Sandra Kay Heiser, had an individual retirement account (IRA) at Charles Schwab, Inc. When she passed away in 2006, the IRA was transferred to the Sandra Kay Heiser Trust (trust). Petitioner was appointed the trustee, and he and his sister were named beneficiaries, each having a 50% interest. Charles Schwab, Inc., issued the trust a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for 2006 reporting a taxable distribution of $325,204.59 and Federal income tax withheld of $67,539.12 for the transfer from the IRA to the trust.

On June 23, 2007, petitioner, as trustee of the trust, filed Form 1041, U.S. Income Tax Return for Estates and Trusts, reporting income of $325,204 and an income distribution deduction in the same amount for distributions made to

[*3] petitioner and his sister.[1]  A Schedule K-1, Beneficiary's Share of Income, Deductions, Credits, etc., reported $162,602 as petitioner's share of the trust's 2006 income, but did not report that Form 1041-T, Allocation of Estimated Tax Payments to Beneficiaries, had been filed.  On March 3, 2008, petitioner filed an amended Form 1041 reporting income of $325,205 and claiming a deduction of $10,756 for State income tax withheld, an income distribution deduction of $314,449 for distributions made to petitioner and his sister, and a refund of $67,539 for Federal income tax withheld.  A Schedule K-1 reported $157,225 as petitioner's share of the trust's 2006 income.

Petitioner timely filed Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for 2006 reporting wage income of $27,572.93 and interest income of $724.05.  He received the distribution from the trust but did not report it in income on his Form 1040EZ.  On May 27, 2010, more than three years after petitioner filed his 2006 tax return, respondent mailed petitioner a notice of deficiency.  On July 27, 2010, petitioner timely petitioned the Court for redetermination of the deficiency, arguing (1) that he was entitled to a refund of or

---

[1] "A trust is generally allowed to deduct taxable income distributed to its beneficiaries.  See secs. 651, 661. This income-distribution deduction implements the he-who-gets-the-income-pays-the-tax principle.  If a trust keeps income, the trust is supposed to pay tax on it.  But if a trust distributes income, the beneficiary is supposed to pay the tax." Tarpo v. Commissioner, T.C. Memo. 2009-222.

[*4] credit for the $67,539 of tax withheld and (2) that the statute of limitations barred assessment of his tax liability. On September 27, 2011, respondent issued the trust a refund of $84,617.43 ($67,539 of tax withheld plus $17,078.43 of interest), thus resolving the first issue in dispute. The only issue remaining in dispute is whether the period of limitations has expired.

## OPINION

### I.      Burden of Proof

Section 6501(a) provides that the amount of any tax imposed shall be assessed within three years after the return was filed. Petitioner contends that respondent is barred from assessing his tax for 2006 under section 6501(a). The bar of the period of limitations is an affirmative defense, and the party raising this defense must specifically plead it and prove it. Rules 39, 142(a); Mecom v. Commissioner, 101 T.C. 374, 382 (1993), aff'd without published opinion, 40 F.3d 385 (5th Cir. 1994). Petitioner has pleaded the defense properly; thus, we proceed to address his contention.

In questioning the validity of the notice of deficiency by asserting that the notice was mailed after the expiration of the 3-year period of limitations, petitioner initially must prove: (1) the filing date of his 2006 tax return and (2) that respondent mailed him the notice of deficiency after the 3-year expiration date for

**[\*5]** the period of limitations. See <u>Amesbury Apts., Ltd. v. Commissioner</u>, 95 T.C. 227, 240-241 (1990); <u>Adler v. Commissioner</u>, 85 T.C. 535, 540 (1985). Respondent concedes that petitioner has proven both. Thus, petitioner has established a prima facie case that the period of limitations precludes respondent from making the relevant assessment for 2006, and the burden of going forward shifts to respondent. See <u>Mecom v. Commissioner</u>, 101 T.C. at 382. Respondent must introduce evidence that the assessment for 2006 is not barred by the period of limitations under section 6501(a). <u>Id.</u> If respondent makes such a showing, the burden of going forward with the evidence shifts back to petitioner. <u>Id.</u> at 383. Notwithstanding the shifting of the burden of going forward, the burden of ultimate persuasion never shifts from the party who pleads the bar of the period of limitations. <u>Stern Bros. & Co. v. Burnet</u>, 51 F.2d 1042 (8th Cir. 1931), <u>aff'g</u> 17 B.T.A. 848 (1929); <u>Mecom v. Commissioner</u>, 101 T.C. at 383 n.16.

II.    <u>Six-Year Period of Limitations</u>

Respondent relies on the six-year period of limitations under section 6501(e) as an exception to the general three-year period. Section 6501(e)(1)(A) generally provides that a six-year period of limitations is applicable when a taxpayer omits from gross income an amount includible therein which is greater than 25% of the amount of gross income stated in the return. Petitioner has

**[\*6]** established a prima facie case that the general period of limitations has expired; therefore respondent bears the burden of going forward to establish that the amount petitioner omitted exceeds 25% of the gross income reported in his return. If respondent makes such a showing, the burden shifts back to petitioner to prove that an amount he omitted from gross income in his return shall not be taken into account because it "is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item." See sec. 6501(e)(1)(A)(ii).[2]

In applying section 6501(e)(1)(A)(ii), we must consider whether an adjustment to the taxpayer's gross income might be apparent from the face of the return to the "reasonable man". Univ. Country Club, Inc. v. Commissioner, 64 T.C. 460, 471 (1975). Although section 6501(e)(1)(A)(ii) does not require that the return disclose the exact amount of the omitted income, "[t]he disclosure must be more substantial than providing a clue that would intrigue the likes of Sherlock Holmes but need not recite every underlying fact." Highwood Partners v. Commissioner, 133 T.C. 1, 21 (2009) (citing Quick Trust v. Commissioner, 54 T.C. 1336, 1347 (1970), aff'd, 444 F.2d 90 (8th Cir. 1971)). "For purposes of

---

[2] In the 2010 amendment to sec. 6501, this provision was moved to sec. 6501(e)(1)(B)(ii).

**[*7]** section 6501(e)(1)(A), gross income includes those items listed in section 61(a)". Carr v. Commissioner, T.C. Memo. 1978-408. Under section 61(a)(15), gross income specifically includes "[i]ncome from an interest in an estate or trust."

Petitioner reported gross income of $28,296.98 on his Form 1040EZ; 25% of that amount is $7,074.25. Petitioner failed to report as gross income his $157,225 share of the trust's income that was distributed to him in 2006. See secs. 61(a)(15), 652(a), 662(a). Therefore, respondent has met his burden of proving that petitioner omitted from gross income an amount exceeding 25% of the gross income he reported on his Form 1040EZ.

Petitioner did not reference the trust or the trust's returns anywhere on his Form 1040EZ. "Where the individual return makes no reference to the trust as a source of income, we do not consider any documents in addition to the individual returns in determining whether the omitted income was adequately disclosed." Gouveia v. Commissioner, T.C. Memo. 2004-256 (finding that the six-year period of limitations applied because the taxpayers omitted from gross income an amount of trust income properly includible on their return in excess of 25% of the gross income they reported, and the Commissioner was not apprised of the nature and amount of the omitted income); see also Connell Bus. Co. v. Commissioner, T.C. Memo. 2004-131 (the trust returns were not considered when determining the

**[\*8]** amount of gross income omitted under section 6501(e)(1) because the taxpayers' returns made no reference to the trusts or the trusts' returns). Therefore, petitioner has not proven that any amount he omitted from his 2006 return was adequately disclosed. Accordingly, the period of limitations in which respondent may assess petitioner's 2006 tax remains open under section 6501(e)(1).

Petitioner does not dispute the correctness of respondent's adjustments in the notice of deficiency. Accordingly, respondent's determination in the notice of deficiency is sustained. In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.